## BURGNER v. UNITED STATES.

(Circuit Court of Appeals, Fourth Circuit.   February 15, 1921.)

No. 1854.

1. Criminal law ⊕⇒1156(1)—Discretion in refusing new trial not reviewable.
     The granting or refusal of a new trial after a verdict of guilty is within the discretion of the trial court, and not subject to review on writ of error.

2. Criminal law ⊕⇒806(3)—Instruction on coercion of woman by husband held not erroneous, because not repeating instruction on reasonable doubt.
     In a prosecution for removing and concealing spirits on which the tax had not been paid, on instruction that a married woman, committing an offense in the presence of her husband, is presumed to have acted under his coercion, and such coercion excuses her act, but that such presumption may be rebutted, if the circumstances show she was not coerced, is not erroneous, because the instruction on reasonable doubt, which had been given before the instruction in question, was not repeated after or in immediate connection with the quoted charge, since the jury could not have failed to understand that the instruction on reasonable doubt applied to what was afterwards said in regard to coercion.

In Error to the District Court of the United States for the Western District of Virginia, at Big Stone Gap; Henry C. McDowell, Judge.

Alpha Burgner was convicted of removing and concealing a quantity of spirits upon which the tax imposed by law had not been paid, and she brings error.   Affirmed.

Morton & Parker, of Appalachia, Va., for plaintiff in error.

William A. Stuart, Asst. U. S. Atty., of Big Stone Gap, Va. (Joseph H. Chitwood, U. S. Atty., of Roanoke, Va., on the brief), for the United States.

Before KNAPP and WOODS, Circuit Judges, and ROSE, District Judge.

KNAPP, Circuit Judge.   Alpha Burgner, herein called defendant, her husband, George Burgner, and her brother, Reuben Hall, were jointly indicted for removing and concealing a quantity of spirits upon which the tax imposed by law had not been paid.   The husband pleaded guilty; defendant was convicted; the brother acquitted.

The record shows no objection to any ruling in the course of the trial, no request for a directed verdict, and no exception to the judge's charge. The only error assigned is the refusal of the court below to set aside the verdict and grant a new trial, on the ground that the verdict "is contrary to the law and evidence in this case"; and the sole contention under this assignment is that defendant, "at the time said act was alleged to have been committed, was in the presence and under the control of her said husband, George Burgner, and that she did no overt act towards committing the offense charged independently or without the supervision and coercion of her said husband."

[1, 2]  It has long been settled that the granting or refusal of a new

trial is within the discretion of the trial court, and not subject to review on writ of error; and the judgment herein might well be affirmed on that ground. But, assuming the question were properly before us, or should be considered under the rule that this court "may notice a plain error not assigned," we hold it to be wholly without merit. The learned judge charged the jury, among other things, as follows:

"If a married woman, in the presence of her husband, commits an act which would be a crime under other circumstances, she is presumed to have acted under her husband's coercion, and such coercion excuses her act; but this presumption may be rebutted if the circumstances show that in fact she was not coerced."

This is claimed to be insufficient, not because incorrect, but because it followed, and therefore was not covered by, the previous instructions relating to burden of proof, reasonable doubt, and the like. It will thus be seen that the contention under review rests entirely on the fact that the instruction as to reasonable doubt was not repeated after or in immediate connection with the quoted charge on the subject of coercion, although no exception was taken to that charge and no request made for further instructions. The proposition is clearly untenable. The jury had already been told that they must be satisfied of defendant's guilt beyond reasonable doubt; and they could not have failed to understand that this instruction applied as well to what was afterwards said in regard to coercion. That defendant was not acting under the compulsion of her husband is abundantly shown by the testimony, and any claim to the contrary seems only an afterthought.

Affirmed.