### CLEMENTS et al. v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. March 17, 1924. Rehearing Denied May 5, 1924.)

No. 4085.

1. **Criminal law** ⊚⟫1134(4)—**Ruling on motion for new trial not subject to review.**
    A ruling of the trial court on a motion for new trial is not subject to review in an appellate court.

2. **Criminal law** ⊚⟫1044—**No discussion of sufficiency of evidence, in absence of motion for directed verdict.**
    In the absence of a motion for a directed verdict, reviewing court is not authorized to enter into a discussion of the sufficiency of the evidence to sustain the verdict of the jury.

In Error to the District Court of the United States for the Southern Division of the Southern District of California; Benjamin F. Bledsoe, Judge.

R. H. Clements and others were convicted of conspiracy to obstruct the passage of the mails and interfere with interstate commerce, and bring error. Affirmed.

A. I. McCormick, Jud R. Rush, William B. Beirne, and Hugh L. Dickson, all of Los Angeles, Cal., for plaintiffs in error.

Joseph C. Burke, U. S. Atty., of Los Angeles, Cal., and Hiram C. Todd, Special Asst. U. S. Atty., of New York City.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

GILBERT, Circuit Judge. The plaintiffs in error were indicted under section 37 of the Criminal Code (Comp. St. § 10201), and were charged with conspiracy to obstruct the passage of the mails of the United States, contrary to the provisions of section 201 of the Criminal Code (Comp. St. § 10371), and interfere with interstate commerce in violation of the act of July 2, 1890 (26 Stat. 209; Comp. St. §§ 8820–8823), in that they agreed to and did, on or about August 10, 1922, persuade, direct, and induce the operating employees of the

⊚⟫For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Atchison, Topeka & Santa Fé Railway Company, at the city of Needles, Cal., and other places along the route and line of said railway company, to quit their employment in a body and abandon the trains which they were operating and which carried United States mail and persons and property in interstate commerce, and refuse to further perform their duties as such employees, with the intent to impede the passage of the United States mails, and to interfere with interstate commerce. By the verdict of the jury the plaintiffs in error were found guilty as charged.

The plaintiffs in error rely upon the assignment that the trial court erred in denying their motion for a new trial, and under that assignment they discuss the evidence and assert its purport to be that the plaintiffs in error, in leaving the employment of the railway company as they did, honestly thought they had grievances against the company in that the equipment was unsafe, that the evidence was that they had been submitted to the vituperations of insulting and abusive guards, and that they left the company for the purpose of forcing it to consider their demands and assure them that a conscientious effort would be made to remedy the conditions complained of, and they contend that the fact that the mails were retarded and transportation in interstate commerce was interfered with, cannot of itself and without proof that such result was contemplated by the men to be one of the objects of their action, sustain a conviction for conspiracy, and it is argued that there is no evidence that the retarding of the mails or transportation of interstate commerce or the inconveniencing of passengers on the trains was an object of their quitting the service of the company.

[1, 2] The ruling of the trial court on a motion for a new trial is not subject to review in an appellate court, and, as there was no motion for a directed verdict in behalf of the plaintiffs in error, we are not authorized to enter into a discussion of the sufficiency of the evidence to sustain the verdict of the jury. It is sufficient to point to the fact that the trial court fairly submitted to the jury the question of the purpose of the plaintiffs in error in abandoning the service of the railway company as they did, and no exception was taken to any portion of the charge. The court charged the jury that if they believed or had a reasonable doubt as to whether the defendants quit work as shown in the evidence because of fear entertained by them in good faith, on account of the presence or conduct of the railroad guards, or because of the fear entertained by them in good faith for the safety of their lives on account of their belief that the equipment furnished them was unsafe or defective, then they should find the defendants so actuated and so believing in good faith, not guilty. "In other words," said the court, "the whole case depends upon the presence or absence of good faith on the part of these defendants. If in good faith they believed the armed guards were dangerous to their lives or limbs, and because of that in good faith they quit work until the apprehension of danger from that source was removed, they committed no crime cognizable in this court. If in good faith they believed the equipment being furnished to them was defective, unsafe, or dangerous

to handle, and because of that in good faith they quit work until the apprehension or danger from that source was removed, they committed no crime cognizable by this court in this proceeding."

On the issue so submitted to them, the jury found against the plaintiffs in error, and no ground is presented to this court for interfering with the judgment of the trial court thereupon rendered.

The judgment is affirmed.