## CALNAY v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. October 27, 1924.)

No. 4301.

**1. Criminal law ⟺1129(6)—Assignment that evidence insufficient must direct attention to ruling of court.**

Assignment that evidence is insufficient to sustain verdict does not raise question whether there was evidence to go to jury, where it does not direct attention to some ruling of court, such as denial of request for instructed verdict.

**2. Post office ⟺35—Not essential to use of mails to defraud that defendant expects pecuniary gain to himself.**

It is not essential to crime of using mails in scheme to defraud, in violation of Pen. Code, § 215 (Comp. St. § 10385), that there be on part of defendant either expectation or realization of pecuniary gain to himself; intent to defraud persons to whom false statements are made being sufficient.

**3. Post office ⟺50—Intent to defraud by use of mails held for jury.**

Intent to defraud by one charged with using mails in violation of Pen. Code, § 215 (Comp. St. § 10385), *held* for jury.

In Error to the District Court of the United States for the Southern Division of the Southern District of California; Benjamin F. Bledsoe, Judge.

James Calnay was convicted of using mails in scheme to defraud, and brings error. Affirmed.

Charles H. Brennan and Harold C. Faulkner, both of San Francisco, Cal., for plaintiff in error.

Joseph C. Burke, U. S. Atty., and Robert B. Camarillo, Asst. U. S. Atty., and Eugene T. McGann, Sp. Asst. U. S. Atty., all of Los Angeles, Cal.

Before GILBERT, ROSS, and RUDKIN, Circuit Judges.

GILBERT, Circuit Judge. The plaintiff in error was convicted under two counts of an indictment charging him with using the mails of the United States in a scheme to defraud, in violation of section 215 of the Penal Code (Comp. St. § 10385). The

scheme as charged was that he advertised in a newspaper for a partner with $1,000 and services, "quick and large returns"; that he intended to represent that he was a producer of motion picture films, and had a contract with the Capitol Film Company of Chicago for as many pictures as he could produce, for which they would pay him $1,500 each; that he desired a partner who would furnish $1,000 to pay the expenses of the production of each picture, whereupon he and his partner would jointly share the profits; whereas the fact was that he had no contract with a film company, and he intended by said scheme and artifice and false and fraudulent pretenses to procure those who received the same to part with their money and property.

[1-3] The record contains a statement of the testimony, but not the charge of the court, other than that, among other things, the jury were instructed that, if they believed the defendant was acting in good faith, or had a reasonable doubt as to whether he was so acting, they should acquit him. There was no request for an instructed verdict. The plaintiff in error relies upon an assignment that the evidence is insufficient to sustain the verdict and judgment. That assignment directs attention to no ruling of the trial court, and it cannot avail to bring before us the question whether or not there was substantial evidence to go to the jury to sustain the verdict. Bilboa v. United States (C. C. A.) 287 F. 125; Clements v. United States (C. C. A.) 297 F. 206. In view, however, of the earnest insistence of the plaintiff in error, we have given the record sufficient attention to satisfy our minds that plain error was not committed in the verdict and judgment.

It is contended that the evidence shows only that the plaintiff in error made certain false representations, that false statements or representations constitute no offense under the statute, unless they are accompanied by an actual intent to deprive the persons to whom they are addressed of the money obtained by means thereof, and that here there was no proof of such intent, and attention is directed to the fact that of the $5,237 secured from five persons by means of his representations but $27.50 was appropriated by the plaintiff in error to his own use. The answer is that it is not essential to the commission of the offense that there be on the part of the accused either expectation or realization of pecuniary gain to himself. It is enough if he be actuated by an intention to defraud the persons to whom the false statements are made. Here, although but $27.50 was gained by the accused, $5,237 was lost by his victims. The crucial question was whether or not he believed he was submitting an honest business proposition, even though it did result in loss and failure to those who accepted it. That was a question for the jury to answer. This court is not justified in disturbing the jury's conclusion unless the record shows lack of evidence of bad faith.

We find no such lack. The record indicates that the scheme was fraudulent in its inception. Its very beginning was marked by a false advertisement, promising "quick and large returns." It was followed by false representations that the plaintiff in error had a contract with the Capitol Film Company to take all his pictures at $1,500 each. He also falsely stated that he had a contract to build a theater to cost more than $1,500,000. When the investors demanded inspection of his contract, they were always met with refusal. To one of them he said: "You don't need to worry. These pictures are sold before we ever start. * * As soon as we finish the picture we will get our money."

The judgment is affirmed.