**DIAMOND v. UNITED STATES.**

(Circuit Court of Appeals, Eighth Circuit. January 16, 1925.)

No. 6429.

1. **Criminal law** ⟝1056(1), 1129(1)—**Instruction not excepted to or assigned as error not reviewable.**

An instruction to which no exception was taken, and which is not assigned as error, is not reviewable.

2. **Poisons** ⟝9—**Evidence held for jury.**

In prosecution for sale of narcotics, evidence *held* sufficient to warrant the denial of a motion for instructed verdict.

In Error to the District Court of the United States for the Eastern District of Missouri; Charles B. Faris, Judge.

Criminal prosecution by the United States against Pete Diamond. Judgment of conviction, and defendant brings error. Affirmed.

William S. Connor, of St. Louis, Mo., for plaintiff in error.

Politte Elvins, Asst. U. S. Atty., of Bonne Terre, Mo.

Before SANBORN and KENYON, Circuit Judges, and BOOTH, District Judge.

SANBORN, Circuit Judge. The defendant below, Pete Diamond, was indicted, tried, convicted, and sentenced for his alleged sale to Carl Miller on December 20, 1921, in the city of St. Louis, of six grains of morphine hydrochloride, in violation of section 2 of the Harrison Anti-Narcotic Act, 38 Stat. 786 (U. S. Compiled Statutes, § 6287h). His counsel complains of his trial on the grounds:

[1] First, that the court charged the jury that there was no question of the entrapment of the defendant for their consideration in this case. But no exception was taken to this part of the court's charge, and no assignment of error on account of it was made; consequently no review of that portion of the charge by this court is properly invoked, and, if such review had been invoked, the evidence convinces that no error would have been found in this charge.

Second, that the court charged the jury in these words: "Something has been said as to whether this place (the rooms where the informer testified he bought the morphine hydrochloride of the defendant) was this man's (the defendant's) home or not. It does not make a bit of difference in this case. If you find he made that sale to Carl Miller of the morphine in dispute and in question here, it does not make a bit of difference whether he lived there or whether he did not." The informer, Miller, had testified that he went with marked money to two rooms, where he found the defendant and Annie Morgan; that with this marked money he bought the morphine hydrochloride from the defendant, and gave it to one of the other witnesses for the government. Witnesses for the government testified that they entered the rooms immediately after Miller came out, searched the defendant and the rooms, and recovered the marked money, and then arrested the defendant, and that after his arrest he said to the informer, Miller, "Say he bought it of the old lady." On the other hand, the defendant testified that he never sold or delivered the morphine hydrochloride, or any of it, to Miller. In this state of the evidence there was no error in the charge of the court here challenged and quoted. The only question was whether they would believe Miller or the defendant.

[2] Third, that the court refused the request of counsel for the defendant to instruct the jury to return a verdict in his favor. But the direct testimony of the informer, Miller, that he bought of the defendant the morphine hydrochloride which

Miller brought from the rooms and handed to one of the other witnesses for the government, the subsequent finding of the marked money in the rooms, and the testimony of two witnesses that the defendant told Miller to say he bought it of the old woman, constitute substantial evidence of the charge of the government, and there was no error in the refusal of the court to direct the jury to return a verdict for the defendant.

Let the judgment below be affirmed.