## UTLEY et al. v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. June 1, 1925.)

No. 4479.

**1. Criminal law ⊜⟩1091(10)—Exception necessary for review of instruction.**

Assignment of error to the giving of an instruction need not be regarded; the bill of exceptions not showing any exception was taken to the instruction, or that there were any requests for instructions.

**2. Criminal law ⊜⟩1036(8) — Insufficiency of evidence must first be raised at trial.**

Insufficiency of evidence to justify verdict may not be raised for the first time by motion for new trial.

In Error to the District Court of the United States for the Northern Division of the

Western District of Washington; Jeremiah Neterer, Judge.

Russell Utley and another were convicted under the National Prohibition Act, and bring error. Affirmed.

Walter Metzenbaum, of Seattle, Wash., for plaintiffs in error.

Thos. P. Revelle, U. S. Atty., and J. W. Hoar, Asst. U. S. Atty., both of Seattle, Wash.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

HUNT, Circuit Judge. Writ of error to review a judgment of conviction under the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.). Plaintiffs in error were convicted of possession and sale of intoxicating liquor, and of maintaining a common nuisance at a described place in Seattle.

The evidence of the government was that the place was an old saloon, with a bar and mirror, a table, and a few chairs; that twice on November 29, 1922, a government agent went to the place, and each time bought distilled spirits, moonshine liquor, from defendant Hull, who was behind the bar; that defendant Utley was not present when that sale was made; that on the 27th of November an agent bought distilled spirits at the place, and that Utley was present when that sale was made; that Utley was owner and proprietor of the premises, and had taken possession a few days before.

Defendant Utley admitted that he bought the place on November 24, 1922, but said that he was sick and away from the place after 5 o'clock on that day. Defendant Hull admitted that he sold the liquor to the agent on the 29th, but denied that he knew the premises had been purchased by Utley. He said that he had been employed by a man named Kelly, who had died, and that one Smith was the proprietor when he sold the liquor.

[1] It is argued that the court erred in an instruction pertaining to the possession of the property in the place; but, as the bill of exceptions fails to show that any exception was taken to the instruction given, or that there were any requests for instructions, the assignment need not be regarded. Feigin v. United States, 3 F.(2d) 866; Diamond v. United States (C. C. A.) 4 F.(2d) 111.

[2] It is also contended that the court erred in overruling motion of the defendants below for a new trial. Such motion was based upon the ground that the evidence was insufficient to support the verdict. But, as there was no motion by the defendants or either of them for an instructed verdict, the case falls within the well-settled rule that insufficiency of the evidence to justify the verdict cannot be raised for the first time by a motion for a new trial, or in the appellate court. Bilboa v. United States (C. C. A.) 287 F. 125; Clements et al. v. United States (C. C. A.) 297 F. 206, certiorari denied 266 U. S. 605, 45 S. Ct. 92, 69 L. Ed. ——; Moore v. United States (C. C. A.) 1 F.(2d) 839.

We find nothing in the record which calls for a reversal of the judgment.

Affirmed.