## MITCHELL et al. v. UNITED STATES.[*]

Circuit Court of Appeals, Ninth Circuit.

December 27, 1927.

No. 5117.

**I. Criminal law ⟨⟩⟩200(6)—Acquittal for conspiracy to use mails to defraud held not to affect conviction for using mails to defraud in selling corporate stock (Cr. Code, § 215 [18 USCA § 338]).**

In prosecution under Criminal Code, § 215 (18 USCA § 338), for using mails to defraud in sale of corporate stock and in conspiring to so use them, acquittal on count for conspiracy *held* not to affect conviction under remaining counts, since conspiracy is distinct offense requiring proof of conspiracy to devise scheme and to use mail for executing it, whereas counts charging use of mails to defraud require only

[*]Rehearing denied February 6, 1928.

proof of scheme set forth and actual use of mails to execute it.

**2. Criminal law �kö=673(4)—Testimony, admissible against one of several defendants but inadmissible against others, will not be rejected but merely limited (Cr. Code, § 215 [18 USCA § 338]).**

In prosecution against several defendants under Criminal Code, § 215 (18 USCA § 338), for using mails to defraud in sale of corporate stock, testimony, if admissible against any of parties, cannot ·be rejected, even though inadmissible as against others, but such others may request court to limit consideration of testimony to particular party against whom it was admissible.

**3. Criminal law ⊛=673(4)—Rules of evidence respecting rejection of testimony admissible against only part of defendants charged with use of mails in fraudulent stock-selling scheme held same whether conspiracy was charged or not.**

In prosecution for using mails to defraud in sale of corporate stock in which there is sufficient evidence to establish conspiracy to so use them, rules of evidence are same relative to rejection of evidence admissible against some but not all of defendants, whether conspiracy is charged in indictment or not.

**4. Criminal law ⊛=1129(2)—Large number of assignments of error should not be made in criminal case unless necessary.**

On appeal in criminal case, large number of assignments of error should not be made unless necessary, since rule requiring such assignments is to enable court and opposing counsel to see on what points reversal is sought and to limit discussion to such points.

**5. Criminal law ⊛=1169(2)—Admission of documents not sufficiently identified but similar to others already in evidence held not prejudicial error in criminal case.**

Admission of letters and documents not sufficiently identified was not prejudicial error in criminal case, where they were of similar import to other letters and documents already in evidence or were entirely harmless and immaterial.

**6. Post office ⊛=49(5)—In prosecution for using. mails to defraud in selling corporate stock, statements concerning value of certain property, made by witness authorized by defendants to give information to prospective purchasers, held admissible (Cr. Code, § 215 [18 USCA § 338]).**

In prosecution under Criminal Code, § 215 (18 USCA § 338), for using mails to defraud in sale of corporate stock, admission of witness' statements concerning value of gravel bed *held* not error, where advertisement published by defendants gave witness as reference for purpose of giving information to prospective purchasers of stock, since witness was thereby made agent of parties for that purpose.

**7. Criminal law ⊛=400(8)—In prosecution for using mails to defraud in selling corporate stock, accountant's testimony as to condition of company's books held admissible (Cr. Code, § 215 [18 USCA § 338]).**

In prosecution under Criminal Code, § 215 (18 USCA § 338), for using mails to defraud in sale of corporate stock, admission of testimony of accountant, tending to show what appeared or did not appear from books of the company, *held* not error.

**8. Post office ⊛=49(11)—Evidence held to support conviction for using mails to defraud in selling corporate stock (Cr. Code, § 215 [18 USCA § 338]).**

In prosecution under Criminal Code, § 215 (18 USCA § 338), for using mails to defraud in sale of corporate stock, evidence that defendant made general representations as inducement to purchase stock, assisted in preparing prospectus, and gave false information to appraiser appointed by Commissioner of Corporations, *held* sufficient to support conviction.

**9. Criminal law ⊛=1044—Request for directed verdict of acquittal must be made at close of all testimony to preserve question for review.**

In criminal case, there is no question before reviewing court relative to error of trial court in refusing to direct verdict of not guilty, where there was no request for directed verdict at close of all testimony.

In Error to the District Court of the United States for the Northern Division of the Southern District of California; George M. Bourquin, Judge.

W. D. Mitchell and others were convicted under Criminal Code, § 215, for using the mails to defraud, and they bring error. Affirmed.

T. C. West, of San Francisco, Cal., for plaintiff in error Mitchell.

J. E. White, of San Francisco, Cal., for plaintiff in error Bruere.

Roy A. Bronson and E. D. Bronson, Jr., both of San Francisco, Cal., for plaintiff in error Whiting.

Samuel W. McNabb, U. S. Atty., and J. Edwin Simpson, Asst. U. S. Atty., both of Los Angeles, Cal., and Ames Peterson, Asst. U. S. Atty., of Fresno, Cal.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

RUDKIN, Circuit Judge. This is a writ of error to review a judgment of conviction under section 215 of the Criminal Code (18 USCA § 338). The first count of the indictment charged that the defendants therein named devised a scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses, representations, and promises, and that a certain letter was placed in the United States post office for the purpose of executing such scheme and artifice. The scheme and artifice set forth in the first count is made a part of the next four counts by reference, and the mailing of a different letter

for the purpose of executing the scheme and artifice is set forth in each of the succeeding counts. The sixth count charged a conspiracy to commit the offenses defined and set forth in the five preceding counts. Speaking generally, the scheme was that the plaintiffs in error and their associates would enter into contracts for the purchase of land, would form a corporation to be dominated and controlled by them, with capital stock divided into preferred and common shares, and that in the sale of such stock false and fraudulent representations and pretenses would be made as to the quantity of land owned, the title to the land, the capacity of the sawmill on the land, the quantity of timber on the land, the dividends that would be paid on the common and preferred stock, and the profits that would be made by the store on the mill property. It would likewise be falsely and fraudulently represented that the plaintiffs in error and their associates had invested heavily in the enterprise, and that the value of the assets of the corporation was three times greater than the amount of the capital stock to be sold. Upon the trial, the jury found the plaintiffs in error Mitchell and Whiting guilty on the first five counts, the plaintiff in error Bruere guilty on counts 1, 2, 3, and 5, and all of the plaintiffs in error not guilty on the conspiracy count, or count 6.

[1-3] The record contained 106 assignments of error, but, notwithstanding this, the principal question discussed in the briefs is not covered by the assignments and was not called to the attention of the court below. That question is based upon the contention that an acquittal under the conspiracy count necessitates a reversal of the judgment as to the remaining counts. The basis for this contention is not entirely clear. The conspiracy charged in the sixth count is a substantive offense, distinct and different from the offenses charged in the first five counts, and required different evidence to sustain it. Under the first five counts it was only necessary to prove the scheme and artifice set forth and the actual use of the mails to execute it, while under the sixth count it was incumbent on the government to prove, not only a conspiracy to devise a scheme and artifice, but also a conspiracy to use the mail for the purpose of executing it. For this reason, the acquittal on the sixth count in no wise affects the conviction under the remaining counts. Farmer v. United States (C. C. A.) 223 F. 903–907; Schwartzberg v. United States (C. C. A.) 241 F. 348; Morris v. United States (C. C. A.) 7 F.(2d) 785.

Hart v. United States (C. C. A.) 240 F. 911, does not lay down a contrary rule. In that case a great deal of evidence was admitted under the conspiracy charge which would not have been admissible under the other charges contained in the indictment, and, the jury having acquitted the defendants of the conspiracy but convicted them of some of the other charges, the court held that the record should be closely scanned to determine whether the evidence so admitted may not have been prejudicial to the defendants in the consideration of the charges of which they were convicted. The judgment in that case was reversed on other grounds. An examination of the record in this case fails to show that any testimony was admitted during the progress of the trial that would not have been admissible against one or another of the defendants had no conspiracy been charged, and, if the testimony was admissible as against any of the parties, it could not be rejected even though inadmissible as against others. The utmost rights such other parties would have would be to request the court to limit the consideration of the testimony to the particular party or parties against whom it was admissible. Indeed, where there is sufficient evidence to establish a conspiracy, the rules of evidence are the same whether a conspiracy is charged in the indictment or not. Belden v. United States (C. C. A.) 223 F. 726.

[4] As already stated, the assignments of error exceed 100 in number. The practice of assigning so many errors, especially where a vast majority of the assignments are entirely devoid of merit, cannot be too strongly condemned because it defeats the very purpose of the rule requiring specifications of error.

"The object of the rule requiring an assignment of errors is to enable the court and opposing counsel to see on what points the plaintiff's counsel intend to ask a reversal of the judgment, and to limit the discussion to those points. This practice of unlimited assignments is a perversion of the rule, defeating all its purposes, bewildering the counsel of the other side, and leaving the court to gather from a brief, often as prolix as the assignments of error, which of the latter are really relied on." Phillips, etc., Const. Co. v. Seymour, 91 U. S. 646, 648 (23 L. Ed. 341).

To the same effect, see Central Vermont Ry. Co. v. White, 238 U. S. 507, 509, 35 S. Ct. 865, 59 L. Ed. 1433; Ches. & Del. Canal Co. v. United States, 250 U. S. 123, 39 S. Ct. 407, 63 L. Ed. 889; Clark v. United

States (C. C. A.) 258 F. 437; Fitter v. United States (C. C. A.) 258 F. 567; Lawson v. United States (C. C. A.) 297 F. 418.

The above language of the Supreme Court could not be more in point if directed specifically against the assignments of error and briefs in this case.

If reversible error was committed during the progress of the trial, counsel should experience no difficulty in directing the attention of the court to the particular errors deemed prejudicial. But the reason for the dragnet assignments in this case is found in the closing paragraph of one of the briefs, where it is candidly stated that reliance for reversal is placed, not so much on any particular assignment, as upon the general atmosphere of the trial. This statement is fully borne out by the record, and should relieve this court of the burden of going through the record and discussing the assignments in detail, inasmuch as we find nothing in the general atmosphere of the trial which would constitute reversible error. But we will refer briefly to the assignments most stressed in the briefs.

[5-7] Error is assigned in the admission of certain letters and documents because not sufficiently identified or not material, but, if any such were admitted, they were of similar import to other letters and documents already in evidence, or were entirely harmless and immaterial. Some of the plaintiffs in error complain of the admission in evidence of conversations between other plaintiffs in error and third parties, but such conversations were clearly admissible, at least as against the parties engaging in them. It is earnestly insisted that certain hearsay statements alleged to have been made by one Baker were admitted in evidence, but the record shows affirmatively that no such statements were in fact testified to or admitted. Error is assigned in the admission of statements made by one Cassaretto concerning the value of a gravel bed on the land, but an advertisement published by the plaintiffs in error gave Cassaretto as a reference for the very purpose of giving information to intending purchasers of stock, and he was thereby made the agent of the parties for that purpose. Error is assigned in the admission of testimony of an accountant, tending to show what appeared or what did not appear on the books of the lumber company, but we perceive no error in this. Again, it is contended that testimony offered in behalf of the plaintiffs in error was erroneously excluded, but we find no semblance of error here. One of the plaintiffs in error excepted to some of the instructions given by the court; the other plaintiffs in error reserving none. An examination of the record shows that the exceptions were reserved in part at least to statements made by the court in disposing of a motion to direct a verdict of not guilty at the close of the testimony on the part of the government and not to the instructions proper, but we have examined the instructions complained of and find them free from substantial error.

[8, 9] Finally, it is contended that the court erred in refusing to direct a verdict of not guilty, and that the testimony is insufficient to support a conviction as against some of the plaintiffs in error. In answer to this, we need only say that there was no request for a directed verdict at the close of all the testimony, and for that reason there is no question before us for review. We have examined the record, however, and are able to state that there has been no miscarriage of justice. The testimony against the plaintiff in error Bruere was not as strong and convincing as that against the other parties, but it was nevertheless sufficient if believed by the jury. It appears that Bruere made some general representations to at least one person as an inducement to purchase stock, that he prepared or assisted in preparing a prospectus containing information and representations to be used in the sale of stock, which the jury might well find to be false, and that he gave, or was instrumental in giving, false information to the appraiser appointed by the Commissioner of Corporations, which was made the basis for the permit to sell stock. As against the remaining plaintiffs in error, the testimony was ample.

The judgment is affirmed.