## HANING v. UNITED STATES.

### No. 9353.

Circuit Court of Appeals, Eighth Circuit.

June 11, 1932.

William N. Jamieson, of Omaha, Neb., for appellant.

Edson Smith, Asst. U. S. Atty., of Omaha, Neb. (Charles E. Sandall, U. S. Atty., and Ambrose C. Epperson, Asst. U. S. Atty., both of Omaha, Neb., Robert Van Pelt, Asst. U. S. Atty., of Lincoln, Neb., and Lawrence I. Shaw, Asst. U. S. Atty., of Omaha, Neb., on the brief), for the United States.

Before VAN VALKENBURGH and SANBORN, Circuit Judges, and DAVIS, District Judge.

DAVIS, District Judge.

Appellant, convicted of a second offense of unlawful possession of intoxicating liquor and sentenced to serve ninety days in jail, prosecutes this appeal.

The assignments of error are that the trial court overruled motions (1) to suppress the evidence, and (2) to direct a verdict.

The motion to suppress was submitted to the court on the evidence taken at the trial, and a consideration of the propriety of the ruling thereon requires a statement of the facts. Appellant, and her husband, resided at 2002 North Forty-Eighth street, in Omaha, Neb. Prohibition agents went to the vicinity of the residence on the night of September 8, 1930, where they concealed themselves on a vacant lot across the street from the house. The dwelling was constructed on the side of a hill, and the floor of the basement was near the level of the floor of the garage, which was built into the house. A door of the basement opened into the garage, and the outer door of the garage opened onto the sidewalk on the street. About 10 o'clock a light appeared in the garage, and the outer door was opened. Appellant was observed rolling a ten-gallon keg from the basement to the garage. She returned to the house, called for assistance, rolled out a second keg, and a man referred to as Jack Brown followed with a third keg. Each of these parties then pushed a keg out onto the public sidewalk, and Brown asked if he should carry it across the street, whereupon appellant said, "No, take it up this way," pointing to a bunch of weeds just across the alley. Brown carried the keg to the place indicated, when the agents crossed the street and arrested appellant as she stood on the sidewalk with one of the kegs at her feet. The agents knew

the kegs contained liquor from the odor, and, upon opening the keg on the sidewalk, it was found to contain whisky. The third keg in the garage likewise contained whisky, and through the open door a fourth keg and several five-gallon jugs were observed in the basement. Appellant's son, with a gallon jug of whisky in his hands, descended the steps leading from the house to the basement, and, when he observed the officers, he broke the jug on the basement floor. The agents then entered the basement, where they found three fifty-gallon barrels and seven ten-gallon kegs of wine, eighty quarts of beer, and about twenty gallons of beer mash. All of this liquor was intoxicating. Appellant stated that the liquor belonged to her, and she sought to exonerate Brown of any responsibility in the matter. The appellant's husband was not shown by the evidence to have been present, or in or about the premises, on the occasion in question.

■■■ The appellant, on this evidence, asserts that the trial court should have declared that the seizure of the liquor was not justified because obtained as the result of a search without a warrant. The appellant was arrested in the act of committing an offense, and it was entirely proper for the arresting officer to search the premises, with a view of discovering the fruits of the crime. The rule has been applied in many cases where the premises were in part used as a dwelling house.

"The right without a search warrant contemporaneously to search persons lawfully arrested while committing crime and to search the place where the arrest is made in order to find and seize things connected with the crime as its fruits or as the means by which it was committed, as well as weapons and other things to effect an escape from custody is not to be doubted." Agnello v. United States, 269 U. S. 20, 46 S. Ct. 4, 5, 70 L. Ed. 145, 51 A. L. R. 409.

"An officer may arrest a party committing a crime in his presence and as an incident to said arrest search the immediate premises and seize the things having relationship to said crime and such search is not a violation of the Fourth Amendment to the Constitution." Vecchio v. United States (C. C. A. 8) 53 F.(2d) 628, 631.

"Where a crime, even a misdemeanor, is committed in the presence of an officer he may make an arrest and, as incident thereto, make a search of the immediate premises for matters connected with the crime for which the arrest is made." Wida et al. v. United States (C. C. A. 8) 52 F.(2d) 424, 425. Numerous authorities are cited in each of the foregoing cases.

The court properly overruled the motion to suppress the evidence.

■■■ The motion for a directed verdict was urged on the ground that appellant was "a married woman, living with her husband, and is not responsible as a matter of law for the crime." This is a very broad statement of the common-law rule, which was that marriage does not deprive the wife of her capacity to commit crime, but it puts upon her the duty of obedience to her husband, and, in the absence of proof to the contrary, the presumption is indulged that, when a crime is committed by her, in his presence, it is the result of restraint or coercion. Burgner v. United States (C. C. A. 4) 272 F. 116; State v. Murray, 316 Mo. 31, 292 S. W. 434; State v. Miller, 162 Mo. 253, 62 S. W. 692, 85 Am. St. Rep. 498. "The doctrine is at least a thousand years old." 4 Blackstone 28; Haffner v. State, 176 Wis. 471, 187 N. W. 173. In some of the jurisdictions where the common law was adopted, the modern statutes giving the wife control of her own property, free from the domination of her husband, have been regarded as abrogating the doctrine in its entirety. King v. City of Owensboro, 187 Ky. 21, 218 S. W. 297; Morton v. State, 141 Tenn. 357, 209 S. W. 644, 4 A. L. R. 264; State v. Hendricks, 32 Kan. 559, 4 P. 1050. In the federal system there has never been any common law of crimes, and it has been doubted whether this rule is applicable in any event. United States v. De Quilfeldt (C. C.) 5 F. 276; United States v. Hinson (D. C.) 3 F.(2d) 200; United States v. Swierzbenski et al. (D. C.) 18 F.(2d) 685.

■ It is not necessary, however, in this case to pass on the question as to whether the doctrine is applicable in this court, because the evidence does not show that the husband was either present, or in the vicinity, at the time of the commission of the offense. Appellant was the active agent in the perpetration of the unlawful act. She was the admitted owner, then in possession, and attempted to remove and conceal the liquor. She called another person to her assistance, and directed his course to that end. Even if the ancient rule that the wife is presumed to be acting under the compulsion of her husband in the commission of an offense in his presence still retains its full force, and is properly to be invoked in this court, the facts do not bring the case within the doctrine.

The case should be, and is, affirmed.