### GIRSON et al. v. UNITED STATES. *

No. 8207.

Circuit Court of Appeals, Ninth Circuit.

Feb. 15, 1937.

Rehearing Denied March 15, 1937.

*Writ of certiorari denied 57 S.Ct. 924, 81 L.Ed. —.

Thomas N. Marlowe and Fred W. Schilling, both of Missoula, Mont., for appellant Girson.

Walter L. Pope and Russell E. Smith, both of Missoula, Mont., for appellant Rivin.

John B. Tansil, U. S. Atty., and R. Lewis Brown, Asst. U. S. Atty., both of Butte, Mont.

Before GARRECHT and HANEY, Circuit Judges, and NETERER, District Judge.

HANEY, Circuit Judge.

Defendants were jointly indicted upon four counts as follows: Count 1 charged defendant with receiving stolen public property; count 2 charged defendants with concealing stolen public property; count 3 charged that the defendants aided in concealing stolen public property; count 4 charged that defendants conspired to commit an offense against the United States.

The first three counts charged a violation of 18 U.S.C.A. § 101, and the fourth count was based upon 18 U.S.C.A. § 88. The trial jury returned a verdict of guilty as to count 1, and not guilty on the remaining counts with respect to defendant Girson, and found defendant Rivin guilty on count 2 and not guilty on the remaining counts. From such convictions both defendants appeal. Defendants filed separate but identical assignments of error, the first ten of which question the sufficiency of the evidence to sustain conviction.

It appears from the face of the record that at the close of the government's case both defendants moved for a directed verdict which was denied and that each defendant reserved an exception to such ruling; that thereafter defendants offered evidence in their respective defenses, rested, and thereupon renewed their motions for a directed verdict, which motions were again denied.

Thereafter, upon request of defendants' counsel, the trial was reopened and each of defendants offered and had introduced additional evidence which was received; the record then reciting "and thereupon the testimony was closed," but does not indicate that the motions for a directed verdict were renewed.

Thus the record does not disclose that the motions were made at the close of all

360

of the testimony. Under the authority of Mitchell v. United States (C.C.A.) 23 F. (2d) 260, we must hold that no question is presented for review by the first ten assignments. We are not unmindful that we may notice "plain error" in the record, even though unassigned, but we do not recognize the error suggested as such plain error. We see no reason to apply the rule laid down in Wiborg v. United States, 163 U.S. 632,. 16 S.Ct. 1127, 1197, 41 L.Ed. 289.

■■ Capt. Haines testified on behalf of the government that he was stationed at Fort Missoula, was assistant post quartermaster, and as such was responsible solely for all government property there. Appellants, under one point, contend that the court erred in permitting the witness Haines to testify as to alleged shortages of clothing supplies and blankets at Fort Missoula. Appellants argue that this point is raised by assignments 11, 12, 13, and 16. We cannot consider assignments 11 and 16, because they do not comply with rule 11 of this court requiring the quotation of "the full substance of the evidence admitted or rejected." This rule as interpreted by Goldstein v. United States (C.C.A.9) 73 F.(2d) 804, 806, and Mullaney v. United States (C.C.A.9) 82 F.(2d) 638, 640, requires that the objection, grounds therefor, the ruling of the court and the exception thereto must be stated in the assignment of error.

■■ The witness testified on direct examination that all government property at Fort Missoula was under his supervision and care, checked into him and checked out by him. The witness was asked if, during 1933, when he was in charge of the supply depot, there was property of the United States which disappeared from the fort and which he found himself "to be short of." Appellants objected to the question on the ground that such testimony would not be "related to the offense charged," and on the further ground that "no foundation has been laid, this witness not being qualified to answer of his own knowledge." The objection was overruled, to ·which ruling appellants excepted. After the witness answered, he was asked if, based on his own knowledge, the shortage occurred in one month or in other months. The witness answered "No sir, from the inventories taken each month we were short a great deal of property, * * *" and at this point an objection

was interposed that the answer disclosed that the information was based on inventories; that appellants objected on the ground that no foundation had been laid; and that the evidence was not "the best evidence." The· objection was overruled, and appellants excepted.

Appellants argue that the evidence was inadmissible (1) because no foundation was laid to show personal knowledge by the witness, and (2)· because it was not the best evidence. Neither of these contentions is tenable. A foundation had been laid by the previous testimony of the witness, that his duty· was the care and supervision of such property, and that such property was checked into him and checked out by him. The second ground urged is based on the assumption that when the witness said "from the inventories taken each month" he was speaking of a written inventory. An inventory is a count. The results may be recorded, but there is nothing in the testimony of the witness prior to his answer, which indicated that he had, was or would rely on a written inventory. The objection on the ground urged was, at that time, improperly taken.

■ A further point is made that the court erred in unduly limiting appellants in cross-examination of witness Haines. It is said that assignments 14, 15, 17, 18, 20, and 21 raise this point. For the same reason why we cannot consider assignments 11 and 16, we are unable to consider assignments 14, 15, 17, and 18. On cross-examination, the witness first testified that, when goods were received from a foreign depot, they were checked in by himself and his assistants; that, when he was there as property officer, he "personally inspected this merchandise that was received, item by item." The witness was then asked: "Now my understanding from you is that while you signed for the articles, you didn't personally count each article as it came in?" Error is assigned to the trial court's action in sustaining an objection to that question. The court also sustained an objection to the following question: "And I will ask you if it isn't a fact that the actual work of checking those, that is to say counting the articles, was done by your assistants and not always by yourself?" Error is assigned to the ruling so made.

Appellants complain that they were deprived of their right of cross-examination.

The rule concerning cross-examination is stated in Alford v. United States, 282 U. S. 687, 694, 51 S.Ct. 218, 220, 75 L.Ed. 624, as follows: "The extent of cross-examination with respect to an appropriate subject of inquiry is within the sound discretion of the trial court. It may exercise a reasonable judgment in determining when the subject is exhausted."

Appellants contend that "shortages at Fort Missoula * * * was one of the most important points in the government's case" and that appellants "should have been permitted to cross-examine the captain fully respecting his opportunity for having the knowledge which he claimed." We believe the subject had been substantially exhausted by prior testimony on cross-examination, and therefore the court did not abuse its discretion in limiting appellants in the cross-examination of the witness.

On direct examination the witness Haines testified that "During the times you have mentioned, particularly from October of 1933 on, I had socks exactly similar in all respects as to workmanship, material and appearance, as these socks here," referring to socks which had been marked for identification by appellee, and which, it was contended, had been stolen. On cross-examination the witness was handed two pairs of socks, admittedly not stolen goods, and was asked: "And so far as those are concerned the appearance and general makeup—and I am not asking you as an expert but just as a layman, and you observed those articles—appear to be the same as these two exhibits?" The court sustained an objection to that question on the ground that it invaded the province of the jury.

The ruling of the trial court was correct. The admissibility of the evidence sought to be elicited is determined by the general rule as stated in 11 R.C.L. 565 § 3: "* * * As to conclusions upon matters within the scope of common knowledge and experience, the jury is a tribunal well fitted to perform this task. To permit a witness to state to the jury his opinions as to the conclusions to be drawn from the concrete facts which he has observed would be to invade the peculiar province of the jury; and therefore conclusions of that character are universally excluded. * * *"

Under assignment of error 22, it is argued that fourteen exhibits were errone-ously admitted into evidence. Appellant contends that this assignment presents no question for review, because the assignment does not comply with rule 11 of this court, and relies on Goldstein v. United States, supra, and Mullaney v. United States, supra. When the rule is not complied with, as interpreted by the decisions, the rule states that "errors not assigned according to this rule will be disregarded, but the court, at its option, may notice a plain error not assigned." We perceive no plain error requiring our notice. Under such circumstances, we must follow the rule laid down in Goldstein v. United States, supra.

Assignments of error 23, 26, and 27 charge that the court erred in failing to instruct the jury, in certain particulars. It does not appear from the record that appellants requested any instructions whatever. The record discloses that the trial court instructed the jury. Appellants then excepted to the failure of the court to instruct in certain particulars. The failure of the court to instruct, when it has properly covered the issues in the case, cannot be assigned as error. Carter v. Carusi, 112 U.S. 478, 484, 5 S.Ct. 281, 28 L. Ed. 820. The reason is that, until a request is presented, there is no opportunity for the court to make a ruling, and, when no request is made, there is no ruling to review.

Assignment of error 25 is that "The Court erred in instructing the jury that the accused are bound to explain the possession." The assignment is too indefinite and too general to present a question for review. Possession "of what?" We suppose appellants refer to the possession of property alleged to be stolen. However, we are not called upon to decide a case on supposition.

Referring to the same question, by assignment 24, appellants allege error in the following instruction:

"* * * The Court instructs the jury that the mere possession of stolen property, unexplained by the defendant, however soon after the taking, is not sufficient to justify a conviction; it is merely a circumstance which taken in connection with the other testimony is to determine the question of guilt; yet if you believe from the evidence that the defendants were found in the possession of the property or some of the property describ-

**362**

ed in the indictment or claiming to be the owners thereof, this is a circumstance tending in some degree to show guilt, but *not sufficient standing alone and unsupported by other evidence to warrant you in finding them guilty.* There must be in addition to proof of possession of property stolen from the premises now described in the indictment proof of corroborating circumstances tending of themselves to establish guilt. Now these corroborating circumstances may consist of acts or conduct or admissions or declarations of the defendants or any other circumstances tending to show guilt of the accused."

The rest of the instruction is as follows: " * * * If the jury believes from the evidence the property mentioned in the indictment was stolen from the premises described therein and was seen in the possession of the defendants shortly after being stolen, the failure of the defendants to account for such possession or to show that such possession was honestly obtained, is a circumstance tending to show their guilt, and the accused are bound to explain the possession in order to remove the effect of the possession, and it is a circumstance to be considered in connection with other suspicious acts, if the evidence discloses such."

Appellants contend that there is no duty on them to explain possession of the goods alleged to be stolen. The instruction thus made the object of the exception falls short of being a model and could have been improved but we must construe it as a whole. We believe it is apparent from the complete instruction that, if the jury found (1) that appellants were in possession of property alleged to be stolen, (2) which was in fact stolen, then, in the absence of an explanation justifying the possession, it was a circumstance tending to show guilt. We believe that to be a correct statement of the law. Wilson v. United States, 162 U.S. 613, 619, 16 S.Ct. 895, 40 L.Ed. 1090; Levi v. United States (C.C.A.5) 71 F.(2d) 353; Bruce v. United States (C.C.A.8) 73 F.(2d) 972. See, also, Thomas v. United States (C.C.A.4) 11 F.(2d) 27, 28. Kasle v. United States (C.C.A.6) 233 F. 878, 888, is distinguishable, because the erroneous charge, there given, required conviction on that ground alone, despite any other evidence to the contrary.

No error being shown, the judgments must be and are affirmed.