## CRABB et al. v. UNITED STATES.
### No. 1670.

Circuit Court of Appeals, Tenth Circuit.
Oct. 13, 1938.

A. C. Hough, of Oklahoma City, Okl. (S. A. Byers, of Oklahoma City, Okl., on the brief), for appellants.

Charles E. Dierker, U. S. Atty., of Shawnee, Okl. (Wade H. Loofbourrow, Asst. U. S. Atty., of Oklahoma City, Okl., on the brief), for the United States.

Before PHILLIPS, BRATTON, and WILLIAMS, Circuit Judges.

WILLIAMS, Circuit Judge.

Appellants were charged by indictment in three counts with having violated the Internal Revenue laws as follows:

One. That they, in connection with Brooks Edwards, at a designated time and place in said district, had in their possession and under their control a still or distilling apparatus set up, designed and intended for use by them in the manufacture of distilled spirits, which had not been registered with the District Supervisor of the Alcohol Tax Unit, Bureau of Internal Revenue, as required by law.

Two. That they, in connection with Brooks Edwards, at same time and place in said district, did then and there unlawfully, wrongfully, wilfully, knowingly and feloniously make and ferment mash fit for distillation or for the production of spirits or alcohol on premises other than those of a distillery authorized according to law.

Three. That they, in connection with Brooks Edwards, at same time and place in said district, did then and there unlawfully, wrongfully, wilfully, knowingly and feloniously defraud or attempt to defraud the United States of the tax required by law to be paid upon spirits distilled by them, they, the said Harry C. Crabb, Gus Whitman and Brooks Edwards, then and there being engaged in carrying on the business of distilling, contrary to the form of the statute, etc.

Appellants, Crabb and Whitman, having entered pleas of not guilty, on a trial the jury returned a verdict of guilty as to each of them on the three counts, and on such verdict each was sentenced to serve a term of three years in the penitentiary and to pay a fine on the third count of $500. The court further ordered that if the defendants paid the fine of $500, they were to be placed upon probation on the first and second counts for a period of five years from the expiration or release on account of the payment of said fine.

Defendant, Brooks Edwards, entered a plea of guilty as to each count, upon which he was duly sentenced, no appeal being prosecuted by him. Appellants, Crabb and Whitman, have prosecuted this appeal.

■■■■ . The sufficiency of the evidence to support the verdict is challenged, without question being presented to the trial court by motion for a directed verdict or otherwise. A federal appellate court will not pass upon sufficiency of the evidence to support the verdict where such question is not duly raised in the trial court by demurrer to the evidence or motion for a directed verdict. Lewis v. United States, 10 Cir., 92 F.2d 952, and cases there cited. Under a recognized exception to this rule, such appellate courts may notice and correct plain errors committed in the trial court against the accused which appear to have seriously prejudiced his rights, although same were not challenged or reserved by objection, motion, exception, or assignment of error. Lewis v. United States, supra, and Kelly v. United States, 10 Cir., 76 F.2d 847.

■■■ Evidence on part of the government was in substance as follows:

Otis E. Dale and Brooks Thomas, investigators of the Alcohol Tax Unit of the United States Treasury Department, on August 2, 1937, going to a place eight miles south and one mile east of Guthrie, Oklahoma, Logan County, Western District of Oklahoma, where they had previously located an illicit still along a canyon on what was known as the "Whitman Place," discovered a 75-gallon still set up, 250 gallons of mash fit for distillation, and one gallon of non-tax paid whiskey bearing no revenue stamps denoting the payment of the tax or the quantity of whiskey therein, together with other distilling paraphernalia, the mash being in five separate barrels.

The officers having concealed themselves, later on during the same afternoon they observed the appellants coming around the bend of the canyon, following a path, from the direction of the appellant's, Gus Whitman, house. Said appellants walking without hesitation, direct to two of the barrels of mash, threw the covers off the barrels and examined their con-

tents. One said, "It is ready to go," and the other answered, "Yes." The other three barrels had only recently been set, not being ready to run or fit to drink. Neither Gus Whitman nor Harry C. Crabb made any move to uncover these three barrels or examine their contents. Having finished examining the two barrels, they turned toward the still when the officers, Dale and Thomas, placed them under arrest, at which time Crabb said, "I don't know anything about this outfit, I just came down to get a drink of mash," without making further statement as to how he knew same was there or that the mash was fit to drink or run off, and Whitman said, "Well, I know how to get along with those boys at Guthrie. It hasn't been very long since I was up there."

· The defendants, Crabb and Whitman, testifying in their behalf, denied all connection with the ownership, possession, or operation of the distillery, claiming that at the time they came upon the distillery they were looking for William Whitman's cattle, and further denied the statements attributed to them by the two officers. The government witness, Otis E. Dale, in rebuttal testified that he walked all over the place on which the still was found and that there were no cattle or evidence of same on the premises, and that there was a recently used trail leading direct to and ending at the still site, which the defendants had used in said approach, no other trail leading to or from said site.

About twenty minutes before Crabb and Whitman appeared at the still site Dale and Thomas observed the other defendant, Brooks Edwards, a colored man, bring a 10-gallon empty keg to the still site and go away.

The government's evidence, which the jury evidently believed, substantially supported the charges laid in the indictment.

Contention is made, without merit, that no warrant was served on Crabb or Whitman, either at time of arrest or at any subsequent stage of the proceedings, and that therefore they have been deprived of substantial rights under the Constitution of the United States. Crabb and Whitman were arrested whilst committing a felony, the jury so finding, which is sustained by the evidence, that they were in possession of an unregistered still, and manufacturing mash on premises other than an authorized distillery, and attempting to defraud the United States of the tax on whiskey distilled by them, each of these offenses constituting a felony under the federal statute.

Such arrest was within not only the authorization of the federal law, but also that of the state. Marron v. United States, 275 U.S. 192, 48 S.Ct. 74, 72 L.Ed. 231, and Sec. 2786, Oklahoma Stats. 1931, 22 Okl.St.Ann. § 202.

The judgment of the lower court is affirmed.