## JORDAN v. UNITED STATES.

No. 9773.

Circuit Court of Appeals, Fifth Circuit.

May 26, 1941.

Rehearing Denied July 2, 1941.

John J. McCreary, of Macon, Ga., for appellant.

T. Hoyt Davis, U. S. Atty., of Macon, Ga., for appellee.

Before SIBLEY, HOLMES, and Mc-CORD, Circuit Judges.

McCORD, Circuit Judge.

On February 8, 1940, an indictment, No. 4884, was returned against William B. Jordan, David Dennard, and Ben Aiken. The indictment was in four counts and charged that on November 11, 1939, Jordan, Dennard, and Aiken were engaged in illegal liquor distilling operations in violation of 26 U.S.C.A.Int.Rev.Code, §§ 2810, 2831, and 2833. On June 25, 1940, another indictment in four counts, No. 5025, was returned against Jordan charging that he and one John T. Brown had violated the above sections on April 26, 1940. Jordan was tried November 14, 1940, on both indictments which were consolidated for trial on motion of the government. The jury found Jordan guilty on all counts of both indictments, and he was sentenced under each indictment to serve a term of seven months in the reformatory, the sentences to run concurrently.

There is no merit in the contention that the court erred in consolidating the indictments for trial. Consolidation was clearly authorized by 18 U.S.C.A. § 557, for the offenses charged in both indictments were of the same class. Moreover, no prejudice resulted from their consolidation. United States v. Silverman, 3 Cir., 106 F.2d 750; Morris v. United States, 9 Cir., 12 F.2d 727.

Before trial Jordan filed a motion to suppress the evidence as to the first indictment, No. 4884. It was shown that Internal Revenue Agents had apprehended the negroes, Dennard and Aiken, at the still where liquor was being made. Dennard told the officers that a white man had hired them to run the still and that he would be back for them around eleven or twelve o'clock that day. The agents took the negroes away, and left Homer Ives, a deputy sheriff, to apprehend the man when he returned to the still. About noon Jordan drove his car up the side road to within a few feet of the still and looked over into the gully, and Ives thereupon arrested him. The license plates on Jordan's car were covered with burlap, and in the car there were twenty one-gallon tin cans of the type usually used for liquor. There were five cans of a similar type at the still, two of which cans did not have stoppers. There were twenty-two cork stoppers in the car with the twenty cans. Under the facts shown the court did not err in overruling the motion to suppress the evidence.

The defendant made no motion for a directed verdict, therefore, the question of the sufficiency of the evidence to sustain the verdict is not properly before this court. Lambert v. United States, 5 Cir., 101 F.2d 960; Crabb, et al. v. United States, 10 Cir., 99 F.2d 325; Waggoner v. United States, 9 Cir., 113 F.2d 867. We have, however, reviewed the evidence and found that it amply supports the verdict.

There is no merit in the contention that the court's charge to the jury was inadequate and altogether too brief. Counsel for the defendant made no objection to the charge, and the defendant's only request for an instruction was complied with by the trial judge.

As to the contention that the court erred in denying the motion for a new trial it is sufficient to say that the disposition of a motion for new trial rests within the sound discretion of the trial judge. We have examined the motion and are of opinion that the court did not abuse its discretion. United States v. Glasser, 7 Cir., 116 F.2d 690, 691; Coplin v. United States, 9 Cir., 88 F.2d 652; Casey v. United States, 9 Cir., 20 F.2d 752.

We find no reversible error in the record.

The judgment is affirmed.