### ANSLEY et al. v. UNITED STATES.
### No. 10339.

Circuit Court of Appeals, Fifth Circuit.

April 14, 1943.

208

Wm. C. Pierce, of Tampa, Fla., and E. S. MacKenzie, of Brooksville, Fla., for appellants.

H. S. Phillips, U. S. Atty., and Geo. P. Raney, Jr., Asst. U. S. Atty., both of Tampa, Fla., for appellee.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

These appellants were convicted of conspiring to violate the internal revenue laws relating to intoxicating liquor. They seek to reverse the judgment upon the grounds that the evidence was insufficient to sustain the verdict, and that prejudicial procedural errors were committed in the course of the trial.

 The record discloses that these appellants moved for a directed verdict at the close of the Government's case, but thereafter they introduced evidence in their own behalf, and failed to renew their motion at the close of all the evidence. The failure to renew operated to waive the benefit of the motion made,[1] and the question of the sufficiency of the evidence was not properly saved for review by this court.[2] It is true that the question may and should be raised by the court of its own motion, if necessary to prevent a miscarriage of justice, but this is not such a case. We have examined the record, and have found it to contain ample evidence to support the judgment as to each appellant. The court below declined to set aside the conviction of Mrs. Lewis, but recognized there were extenuating circumstances in her favor and gave her a very light sentence, suspending the execution thereof entirely and placing her on probation.

The other questions raised with respect to rulings upon the admissibility of evidence and the charge of the court have been reviewed and are without merit.

The judgment is affirmed.

HUTCHESON, Circuit Judge (concurring in part and dissenting in part).

I concur in the conclusion of the majority that the record contains ample evidence to support the judgment as to the Ansleys; I dissent from the conclusion that it does as to Bernice Miller Lewis. The offense of which she was convicted was conspiracy to commit and not the commission of a substantive offense. There was proof connecting her with one of the overt acts, the sale by Lewis to the informer. Agreement, however, is the gist of the offense of conspiracy. Overt acts are no part of the offense, and the only effect of their requirement is to afford "a locus pœnitentiæ, so that before the act done, either one or all of the parties may abandon their design." United States v. Britton, 108 U. S. 199, 2 S.Ct. 531, 534, 27 L.Ed. 698, as quoted in United States v. Manton, 2 Cir., 107 F.2d 834. There is absolutely no evidence that she knew of or was a party to any agreement between Lewis and Ansley. She testified positively that she knew nothing of it. Nobody testified that she did. She could not be guilty of conspiracy with her husband alone, Dawson v. United States, 9 Cir., 10 F.2d 106, because conspiracy is a criminal relationship which at common law a married woman is incapable of sustaining with her husband. Potter v. Motor Lines, D.C., 57 F.2d 313. More, if a wife act in company with her husband in the commission of a felony other than treason or homicide, it is conclusively presumed that she acted under his coercion and is consequently without any guilty intent, United States Trust Co. of New York v. Sedgwick, 97 U.S. 304, 24 L.Ed. 954. Cf. Haning v. United States, 8 Cir., 59 F.2d 942. The evidence shows that the husband of this woman was a convicted murderer and a whiskey operator and given to heavy drinking. Mrs. Lewis testified: "After we were married, Mr. Lewis told me he was engaged in the liquor business. I did not participate in it. I did not let him have

[1] Huffman v. United States, 8 Cir., 259 F. 35; Goldberg v. United States, 5 Cir., 297 F. 98; Girson v. United States, 9 Cir., 88 F.2d 358; Cox v. United States, 8 Cir., 96 F.2d 41; Crabb v. United States, 10 Cir., 99 F.2d 325; Lambert v. United States, 5 Cir., 101 F. 2d 960; Hemphill v. United States, 9 Cir., 112 F.2d 505.

[2] Lockhart v. United States, 6 Cir., 264 F. 14, certiorari denied, 254 U.S. 645, 41 S.Ct. 14, 65 L.Ed. 455; Clements v. United States, 9 Cir., 297 F. 206, certiorari denied, 266 U.S. 605, 45 S.Ct. 92, 69 L.Ed. 464; Mitchell v. United States, 9 Cir., 23 F.2d 260, certiorari denied, 277 U.S. 594, 48 S.Ct. 530, 72 L.Ed. 1005; McAdams v. United States, 8 Cir., 74 F.2d 37; Jordan v. United States, 5 Cir., 120 F.2d 65, certiorari denied, 314 U.S. 608, 62 S.Ct. 102, 86 L.Ed. 489.

the money to engage in it. He wanted me to but I did not let him have it." It is in evidence, too, that she is now divorced from him. No ordinary woman could refuse to do what she did in this case, go on an errand for this man. There is no evidence that Mrs. Lewis was a super woman. I respectfully submit that to convict her under these circumstances of a conspiracy is unwarranted. The Government, in its brief, is apparently of the same opinion, for while it did not ask for a reversal, it did not insist upon an affirmance as to her. She is now free of Lewis. I think we should free her of the consequences of having gotten into his power by reversing the judgment as to her, and I dissent from its affirmance.