THE STATE v. PINNELL, *Appellant.*

1. **Criminal Practice :** ABSENT WITNESS. An application for a continuance, on account of the absence of a material witness, should state such evidential facts as the prosecuting attorney believes the witness would, if present, testify to, and, in stating them, the prosecuting attorney should place himself, as near as possible, in the place of the witness.

2. ———— : ————. The court did not exercise a wise discretion in refusing to permit the absent witness, who appeared before the trial was closed, to testify.

*Appeal from Nodaway Circuit Court.*—S. R. BEECH, Esq., Special Judge.

REVERSED AND REMANDED.

*W. W. Ramsey* and *Frank Griffin* for appellant.

*B. G. Boone,* Attorney General, for the state.

(1) The indictment is drawn under section 1445, Revised Statutes, making it a felony to furnish prisoners with implements for escape. It not only contains all that is required to properly charge the offence, under section 1445, *supra,* but sets out the particular felony each prisoner confined was charged with, and under what circumstances he was held. *State v. Adcock,* 65 Mo. 590; *State v. Murray,* 15 Me. 100 ; *Gunyon v. State,* 68 Ind. 79 ; *Clemons v. State,* 4 Lea (Tenn.) 23. (2) The appellant having admitted that the absent witness (Polly Adair) would, if present, testify as set forth in the pros-

ecuting attorney's application for a continuance, appellant was not authorized in objecting to the reading of such application to the jury. *State v. Emerson*, 90 Mo. 236. (3) There is no law requiring the state to put a witness on the stand in order that he may be cross-examined by the defence. If defendant desires the testimony of a witness, he should procure his attendance and examine him. (4) The order of the introduction of evidence is largely in the discretion of the trial court, and, unless it is shown that this discretion has been abused, its rulings will not be disturbed. *State v. Daubert*, 42 Mo. 239 ; *State v. Linney*, 52 Mo. 40. (5) The testimony and instructions not having been preserved in the transcript, the presumption will be that only proper evidence was admitted, and that the instructions given correctly declared the law. *State v. Brown*, 75 Mo. 318.

BRACE, J.—The appellant was indicted under section 1445, Revised Statutes, 1879, for conveying instruments into a jail with intent to aid felons therein confined to escape. The indictment was well drawn under said section. She was indicted by the name of Lizzie J. Mann ; on her arraignment, she pleaded not guilty by the name of Lizzie J. Pinnell. The indictment was found at the November term, 1886, of the Nodaway circuit court, and, at the same term, she was tried, found guilty, and her punishment assessed at two years in the penitentiary, and she was sentenced accordingly.

Before the trial commenced, the prosecuting attorney filed an application for a continuance on account of the absence of a material witness. The application contained the following so-called statement of facts, which, he stated, he believed the absent witness, Polly Adair, would prove : "That, on or about the fifteenth day of October, 1886, at said county, and while Frank M. Oliphant, Grant White, and J. F. Ainsworth, the parties

and prisoners mentioned in the indictment in this cause, were lawfully detained in the common jail of said county for the felonies named and set forth in the indictment in this cause, Lizzie Mann, the defendant herein, feloniously and unlawfully did, then and there, convey, and cause to be conveyed, into the said jail, and place of confinement, aforesaid, three saws, one-fourth pound of charcoal, one bottle of liquid, and one large stick of wood, being tools and instruments proper and useful to aid and facilitate the said Frank M. Oliphant, Grant White, and J. T. Ainsworth in their escape from said imprisonment, and that, by means of such instruments, so conveyed into said jail by said Lizzie Mann to said Oliphant, Wright, and Ainsworth, the said parties did cut, saw, break, and sever the walls and bars of the window of said jail, and, by means thereof, did, then and there, on or about the eighteenth day of October, 1886, break out of and escape from said jail, and that the said Lizzie Mann conveyed said instruments into said jail for the purpose of aiding the escape from said jail of said parties."

The defendant, to avoid a continuance by the state, admitted that the absent witness, if present, would testify as set out in the application of the state for a continuance; thereupon, the court overruled the application, and on the same day the cause came on for trial. The prosecuting attorney, on the trial, was permitted, over the objections of the defendant, to read the foregoing statement in evidence to the jury. The absent witness, during the progress of the trial, after the state had closed its evidence in chief, but before defendant had rested her case, appeared in court, in obedience to a *subpœna*, which defendant had caused to be issued; whereupon, defendant moved the court to require the state to put said witness on the stand, have him sworn, and give his evidence in the case, and for leave to withdraw the statement, which motion the court overruled.

Thereupon, the defendant caused said witness to be sworn and asked leave to examine him upon the matters set forth in the application, which the court refused to permit.

The statement of facts to be made by the prosecuting attorney, contemplated in the statute, is of such facts as he believes the absent witness, if present, would testify to, and is required, in order that the court may determine whether the evidence of such witness would be competent, material, and relevant to the issue, and that the adverse party may be able to determine whether, in order to obtain a speedy trial, he would be willing to consent that the facts, as stated, are such as should be read on the trial, and be taken by the jury trying the cause as the testimony of the absent witness. Although proof and evidence are frequently used in the statutes and in common parlance as synonymous terms, logically, they are not. Proof is the effect of evidence; where a fact is proved its truth is established. Evidence is the means by which it is established ; the effect of the means is proof of the truth. Now, the prosecuting attorney, in the foregoing statement, does not state that he believes the absent witness would, if present, testify to the facts, or any fact, therein stated, but makes a mixed statement of legal conclusions, facts susceptible of proof by evidence, and other facts that could only be deduced from proven facts, which he believes the absent witness would prove, *i. e.*, establish by his evidence, if he were present. In this he invades the province of both judge and jury, and defeats the very object for which the statute was enacted. If it were possible for any witness to testify to the facts primary and ultimate, and to the absolute correctness of the legal conclusions contained in the statement, and his credit was equal to his ability, there would be no use for judge or jury whenever his service, as a witness, could be procured, except for the

one to return a verdict, and the other to render judgment.

The sum and substance of the whole statement is, that if the absent witness were present, the prosecuting attorney believes he could prove by him that the defendant is guilty in manner and form as charged in the indictment. This gave the court and the defendant no information as to what, in the opinion of the prosecuting attorney, the absent witness would actually swear to, and left no question of competency, materiality, or relevancy of the evidence to be passed upon by the court. It was not such a statement as the statute required. It should have contained only such evidential facts as the prosecuting attorney believed the witness would testify to, and, in stating them, he ought to have put himself, as near as he could, in the place of the witness, and stated them substantially as he believed the witness would deliver them from the stand. And these facts should stand out by themselves in the statement, unmixed with legal conclusions and deductive facts, so that nothing could be read to the jury except that which was to, and could, stand for the evidence of the witness. It was not such a statement as could enlighten the court as to its duty in granting or refusing a continuance, or that could be read as evidence on the trial to the jury, and the court erred in overruling defendant's objection to its being so read. If the statement had been a proper one, it was, at best, but a substitute adopted for the exigency of the situation, and, when the witness came into court, in obedience to its *subpœna*, before the evidence was closed, it would have been the exercise of a wise discretion, in this case, to have taken his evidence, as he was one of the witnesses whose names were endorsed upon the indictment, and for whom the state had issued a *subpœna.*

. The judgment is reversed and the cause remanded for a new trial. All concur.