State v. Miller.

---

THE STATE v. MILLER, Appellant.

Division Two, April 23, 1901.

162    252
100a   566
100a   631|

1. **Criminal Law**: CAPACITY OF WIFE TO COMMIT CRIME: COERCION OF HUSBAND: PRESUMPTION OF LAW. Defendant, a married woman, was indicted for feloniously conveying a revolver into a county jail for the purpose of assisting the escape of her husband, who was lawfully detained in said jail. The evidence showed that she took the revolver to her husband at his request; that she acted throughout the matter entirely under his direction and influence, and that he

actively participated with her in conveying the revolver into the jail. *Held*, that the presumption which the law indulges, under such circumstances, that she acted under his direction and coercion, entitles her to an acquittal in the absence of a rebuttal of such presumption.

2. ———: DEFENDANT AS WITNESS: ERRONEOUS INSTRUCTION. An instruction told the jury "that the defendant is a competent witness in his own behalf, and that you should not reject his testimony merely because he is the defendant. But the fact that he is the defendant, testifying in his own behalf, should be taken into consideration by you in determining what weight you will give to his testimony." *Held*, erroneous.

Appeal from Holt Circuit Court.—*Hon. Gallatin Craig,* Judge

REVERSED.

*J. W. Stokes* and *G. W. Murphy* for appellant.

In order to hold the wife as guilty in a prosecution of this kind the State was bound to show that the wife acted independently and was not coerced by the husband. The plan must have originated with her, and she must have been the responsible actor, not the servant of her husband's will. The law recognizes the relation of husband and wife and both the legal duties of the wife and the natural and usual influence exercised by the husband as well as the disposition of the wife to assist and obey the husband. These presumptions and considerations in her favor must be overcome by evidence showing a different condition, and that the act was voluntary on her part. 1 Bishop, Crim. Law, art. 359, sec. 3; Commonwealth v. Daley, 18 N. E. 579; State v. Williams, 65 N. C. 398. The defendant and her husband were together when the procurement of the weapon was planned. The request and influence which lead to its procurement proceeded from the husband.

State v. Miller.

The influence of the husband over his wife was only strength-
ened by the farther incitement of her brothers.    The pistol was
procured by them and given to her in furtherance of the plan.
She, still acting under his influence, conveyed the weapon into
the jail and delivered it to her husband at his request and in
completion of his design.    The coercion was complete, unless
the State  should have shown acts or circumstances inconsistent
with this view, which it never attempted to do.

*Edward C. Crow*, Attorney-General, and *Sam B. Jeffries*,
Assistant Attorney-General, for the State.

Coverture is no protection to a married woman when she
is shown to have taken an active and willing part in the com-
mission of a crime.    Commonwealth v. Gormley, 133 Mass.
580.    The evidence shows defendant to have been in the habit
of visiting her husband at the jail.    He had been in custody
for several months, and save as to the few moments spent in
visiting him, can not be said to have been in a position to use
much coercion upon her.    She had no reason to act at his re-
quest through fear, as he was held in custody with no prospect
of being released.    In fact the same opportunity to coercion did
not present itself as in cases where the principle is fully applied.
When she was out of his presence, it can not be said she was
acting under his coercion, or in duress or fear.    When these
facts are considered in the light of the principle that "cover-
ture is no protection to a married woman when she is shown
to have taken an active and willing part in the commission of
a crime," there can be no question as to her guilt.    Com. v.
Gormley, supra.    It is true, under the rule followed in this
State, an offense committed by a married woman, in the pres-
ence of her husband, is presumed to have been committed under
his coercion, which would relieve her of liability.    This pre-

sumption, however, is rebuttable.    Smith v. Schoene, 67 Mo. App. 604; State v. Ma Foo, 110 Mo. 7; Com. v. Uhl, 6 Gratt. 706; Sellers v. People, 77 N. Y. 413.

GANTT, J.—The defendant was indicted in the circuit court of Holt county, Missouri, at the August term, 1900, for feloniously conveying a revolver into the county jail of Holt county, which pistol it was alleged was useful to aid prisoners to escape out of and from said jail; the said Jane Miller then and there intending, feloniously to aid, assist and facilitate the escape of David Miller, who was lawfully committed and detained in said jail according to law, having been convicted of murder in the first degree.

Defendant was duly arraigned and pleaded not guilty to the charge in the indictment.

The indictment is founded upon section 2061, Revised Statutes 1899, and is sufficient, under former adjudications of this court.    [State v. Addcock, 65 Mo. 590; State v. Pinnell, 93 Mo. 480.]

The evidence established that the defendant was and is the wife of David Miller.    At the November term, 1899, of the Holt Circuit Court, David Miller was convicted of murder in the first degree and appealed from the sentence to this court, and on the date of the offense charged against defendant in this cause, was incarcerated in the Holt county jail awaiting the result of his appeal.

It conclusively appeared that the defendant conveyed to her husband in said county jail a revolver.    Her explanation was that she often visited her husband during his imprisonment and he informed her that it was rumored that he would be mobbed, and he requested her to get him a pistol to defend himself in case he was attacked by a mob.

She got the revolver from her brother and took it to her

husband at his request, and acted throughout the matter entirely under his direction and influence.

The defendant prayed the court for a peremptory instruction of not guilty, which the court refused. Thereupon the court gave the following instructions:

"1. The court instructs the jury that the defendant is presumed to be innocent of the offense charged. Before you can convict her, the State must overcome that presumption by proving her guilty beyond a reasonable doubt. If you have a reasonable doubt of the defendant's guilt, you will acquit her. But a doubt to authorize an acquittal must be a substantial doubt, founded on the evidence, and not a mere possibility of her innocence.

"2. The court instructs the jury that the defendant is a competent witness on her own behalf, and that you should not reject her testimony merely because she is the defendant. But the fact that she is the defendant, testifying in her own behalf, should be taken into consideration by you in determining what weight you will give to her testimony.

"3. The court instructs the jury that you are the sole judges of the credibility of the witnesses and the weight of their testimony. In determining such weight and credibility, you will take into consideration the character of the witness, his manner on the stand, his interest, if any, in the result of the trial, his relation to or feelings toward the defendant, the probability or improbability of his statements, as well as all the facts and circumstances given in evidence. In this connection you are further instructed that, if you shall believe that any witness has knowingly sworn falsely to any material fact, you are at liberty to reject all or any portion of such witness's testimony.

"4. The court instructs the jury that if you believe from

Vol 162 mo—17

the evidence beyond a reasonable doubt that the defendant, Jane Miller, at the county of Holt and State of Missouri, at any time within three years next before the twenty-eighth day of August, 1900, conveyed a pistol into the county jail of Holt county, and that the said Jane Miller then and there intended, in so doing, to aid, assist and facilitate the escape of David Miller out of said jail, you will find the defendant guilty and fix her punishment at imprisonment in the penitentiary for not less than two nor more than ten years, unless the jury further find that the defendant, at the time of the conveying of the pistol into the jail, was in the presence of her husband, David Miller, and acted under the coercion of her said husband, as defined in instruction number five of this case.

"5.    The court instructs the jury that the evidence in this cause is sufficient to show that defendant, at the time of the alleged commission of the crime, was a married woman and the wife of David Miller, and that, even though you may believe from the evidence that the defendant committed the crime charged in the indictment, yet, if you further believe that she committed the crime in the presence of her husband, David Miller, and that he was present at the time when she delivered into the jail the revolver mentioned in the indictment, to David Miller, then the law, in the absence of other and further culpatory and explanatory evidence against the defendant herself, presumes that she acted under the immediate coercion of her husband, and, in such case, you will find the defendant not guilty.

"This presumption of law, however, that the wife acting in the presence of her husband is acting by coercion, and that she is, therefore, not guilty of a crime committed in his presence, is prima facie only and may be rebutted by other and further evidence in the case, and if, in this case, you believe from all the testimony before you that the defendant was the

sole acting party and committed the crime, as charged, without any incitement on the part of her husband, or that the defendant was the sole instigator of the crime and did the same as charged in the indictment; then you will find the defendant guilty, even though you believe that her husband was present when she committed the act.

"6.   The court instructs the jury that the indictment in this case is a formal charge against the defendant and should not be taken into consideration in determining the guilt or innocence of defendant."

Thereupon, counsel for defendant requested the court to give the following instruction on behalf of the defendant, which the court refused to give.   To the refusal of the court to give said instruction, the defendant then and there excepted and still excepts.

"The court instructs the jury that, if they believe from the evidence that defendant, Jane Miller, was, at the time of the alleged offense, the wife of one David Miller, mentioned in the indictment, and that she, being in his presence, was requested by him to procure for him the pistol mentioned in the evidence; then the law presumes that she acted under his influence and duress, and, although you may believe that she afterwards did so furnish said pistol to her said husband, the jury will find defendant not guilty."

Marriage does not take from the wife her general capacity to commit crime, but as it casts upon her duty of obedience to and affection for her husband, the law indulges a presumption that if she commits an offense in his presence, it was the result of his constraint or coercion, and in the absence of proof to the contrary excuses her. [1 Bishop on New Crim. Law, sec. 357.]

This presumption is not a conclusive one but is rebuttable. [State v. Ma Foo, 110 Mo. 7.]

In State v. Ma Foo, "by her own evidence the wife exon-

erated her husband of all complicity in the crime," and so did the other testimony, and we ruled that she was responsible for her own acts and the presumption was rebutted.

In this case, the evidence shows that the wife, at the instigation of her husband, procured a revolver and took it to him in the county jail. No witness contradicts this, but the physical facts corroborate her evidence that he at least was present at the culmination of the offense, and actively participating with her in conveying the revolver into the jail.

Under the circumstances, did she commit the offense in his presence?

Mr. Bishop in his New Criminal Law, vol. 1, sec. 359, says: "An act not begun in the husband's presence is within the rule if completed in it. Thus, where a wife conveyed to her husband in prison, *by his direction,* an implement for escape, she was deemed to have acted under his coercion, therefore, entitled to acquittal" (citing Rex v. Knight, 1 Car. & P. 116). "Here she was present while delivering the thing to him, but absent while procuring and conveying it."

We think it must be held that the husband was present when the offense was committed, and being so, the fact that he was at the time incarcerated in jail awaiting the result of his appeal will not rebut the presumption of coercion.

The all-important question remaining for decision is, was there any evidence upon which to send the case to the jury?

Was there any evidence to rebut the presumption arising out of his presence with her when she gave him the revolver? If there was, instruction numbered 5 unquestionably declared the law correctly, but it seems to us there was no evidence which rebutted the presumption. In all she did she but yielded obedience to the will and direction of her husband, and the act itself, which the statute denounces and makes criminal, was only completed in his presence and by handing him the revolver

which he required her to bring to him.

It seems to us she was in no sense the independent inciter and mover in the crime, and if ever a case can be made in which the law will indulge the presumption in a wife's favor, this is the one.

The circuit court should have given defendant's first instruction and directed an acquittal. The second instruction for the State is erroneous in form. A similar instruction was disapproved in State v. Austin, 113 Mo. 538. *Sherwood, P. J.,* and *Burgess, J.,* concur.

The judgment is reversed.