STATE OF WEST VIRGINIA

*v.*

EDWIN ROBERT BROOKS

(No. 13605)

Decided October 25, 1977.

*Norris Kantor, Katz, Kantor, Katz, Perkins & Cameron,* for plaintiff-in-error.

*Chauncey H. Browning,* Attorney General, *Fredric J. George,* Deputy Attorney General, *Claude A. Brown,* Assistant Attorney General, for defendant-in-error.

PER CURIAM:

The defendant, Edwin Robert Brooks, was convicted in the Intermediate Court, now Circuit Court, of McDowell County, of unlawfully transferring stolen property, *i.e.,* three rotary drill bits, in violation of *W. Va.* Code, 61-3-18. as amended. He was sentenced to confinement in the State Penitentiary for a period of from one to ten years.

This Court affirmed the conviction on December 7, 1976. A timely petition for rehearing was filed which was granted on March 16, 1977.

The issue to be decided is whether the trial court committed prejudicial error in permitting the State to attempt impeachment of defendant's credibility by questioning him, over his objection, as to a prior conviction for the interstate transportation of a stolen motor vehicle. We hold that it did.

On July 5, 1977, *State v. McAboy,* ____ W. Va. ____, 236 S.E.2d 431, was decided. Syllabus Point 1 states that:

"In the trial of a criminal case, a defendant who elects to testify may have his credibility im-

peached by showing prior convictions of perjury or false swearing, but it is impermissible to impeach his credibility through any other prior convictions."

*McAboy* made its rule applicable to all cases that were in the trial stage or in the appellate process on the date it was decided and which had specifically preserved this point. *McAboy, supra,* ____ W. Va. at ____, 236 S.E.2d at 437. The present case was in the appellate process on rehearing and the point was specifically preserved at trial.

Accordingly, the judgment below is reversed and the defendant is awarded a new trial.

*Reversed, remanded,*
*new trial awarded.*