**STATE of Missouri, Respondent,**

v.

**Geraldine DAVIS, a/k/a Geraldine English, Appellant.**

**No. KCD 29018.**

Missouri Court of Appeals,
Kansas City District.

Dec. 5, 1977.

James L. McMullin, McMullin, Wilson & Schwarz, Kansas City, for appellant.

John D. Ashcroft, Atty. Gen., Walter O. Theiss, Asst. Atty. Gen., Jefferson City, for respondent.

Before SHANGLER, P. J., and WELBORN and HIGGINS, Special Judges.

SHANGLER, Presiding Judge.

The defendant was convicted of burglary and theft from a residence and was sentenced to concurrent terms of three and two years for the respective offenses. The evidence was the defendant acted with her husband and one Walker to commit the crimes. The defendant contends the evidence shows she was under the compulsion of her husband and so the court erred by failure to submit Instruction A which proferred that the defendant acted under duress and did not knowingly and intentionally aid or encourage another in the crime.

The evidence was that the latch at a residence had been forced open and two television sets and a golden robe stolen. Officers were notified by a neighbor who suspected criminal activity from the antics of a car parked in the driveway and operated by a woman and occupied by two men. The description and license plate number of the vehicle were transmitted to the police and the search began. The suspect automobile was detected by helicopter at a place where the occupants were seen to have removed articles from the trunk and then sped off again. [Four television knobs were recovered in the snow at this site and an imprint—of what the officer took to be a television set—was also apparent.] After a chase at high speed the car was captured with—by then—two occupants. The defendant was identified as the driver. A tire tool, a five-inch screwdriver and the robe taken from the residence were all found in the front of the automobile. Investigation disclosed that the tool marks on the residence lock were made by the screwdriver. The owner confirmed that the knobs found in the snow were from two television sets taken from the illegal entry into his residence. The defendant gave her version to these events: Her husband had telephoned her to come fetch him at a general location without specific address and, in the course of her driving, she turned around in a driveway, and then saw her husband come towards the car through a yard. The husband opened the door, as well as the trunk of the car, and then he and Walker got into the vehicle. The husband told her he wanted to use the car and she did not resist

because from the tone of his voice, "it would have been either an argument or a fight". The husband drove towards their home, saw a policeman there, and her husband and Walker began to shout excitedly. The car turned the corner, her husband jumped out, and she took over the wheel. Walker directed her to a location where he could be let out, but by then the police were in pursuit and the chase began. The defendant attributed her flight to panic, and her complaisance to her husband as the means to avoid his hostility.

The defendant contends that at the most the evidence shows that she picked up the husband at his direction, and unwitting of any illicit purpose drove him from the scene of the crime, and then was caught in the pursuit. She says the evidence does not show, nor does the verdict director require the jury to find, that she intentionally aided and abetted another in the commission of the crime, and Instruction A was tendered for the very purpose to find that element of proof. The defendant cites *State v. Poor*, 533 S.W.2d 245 (Mo.App.1976) for authority that where the State seeks conviction of the accused as an aider and encourager the jury must find that conduct was done intentionally. *Poor* as well as *State v. Grebe*, 461 S.W.2d 265 (Mo. banc 1970) recognize the aider and abettor as an agent of criminal conduct and therefore subject to penalty, and for that reason require the proof to show [Grebe, l. c. 266] that the defendant in some manner "associate[d] himself with the venture . . . as . . . something that he wishes[d] to bring about".

In *Poor* the defendant was the lookout and operator of the escape vehicle. The theory of the prosecution and proof was that the defendant participated in the robbery as an aider and abettor but the verdict director did not submit that such association was intentional and knowing as required by MAI–CR 2.14, framed for that precise theory of conviction. Rather, a modified MAI–CR 7.62 without that essential proposition was given. The court found that failure to give MAI–CR 2.14 applicable to an aider and encourager submission violated Rule 20.02(c) that an applicable in-struction form be used to the exclusion of any other. This lapse was found to be prejudicial, moreover, because the verdict director did not require the jury to find that the conduct was intentional—an essential element of such a criminal responsibility.

■ The theory of proof and submission against this defendant, on the other hand, was not as aider and abettor, but as actor in concert with another in the commission of a crime. The submission of the criminal conduct of an active participant—whether or not as principal actor—is by the approved form MAI–CR 2.12. That form, used by the State to modify the submissions on burglary [MAI–CR 7.22] and stealing [MAI–CR 7.34], required for conviction that the jury find "the defendant acted either alone or knowingly and with common purpose together with others". In this context *purpose* means intent, for "[i]ntent is the purpose or the design with which an act is done". *State v. Logan*, 344 Mo. 351, 126 S.W.2d 256, 260[13] (1939); *State v. Harris*, 313 S.W.2d 664, 670[5–6] (Mo.1958). To require the jury to find also that defendant acted "knowingly and intentionally"—as she now insists—would only submit a redundancy.

The evidence understood most favorably to the verdict sufficiently allows inference that the defendant actively participated in the commission of the burglary and theft. The circumstances of the proof sustain the conclusions that the defendant operated the motor vehicle to the scene of the crime, that she moved the car past the residence several times, drove into the driveway—out and then back again—that she then operated the vehicle to a site for the disposition of the television sets where they were detected by police helicopter, and that she then drove away at high speed to avoid pursuit and arrest. This point is denied.

The defendant next contends that her evidence proved that she acted through the constraint of her husband and under his compulsion and so was entitled to an instruction on duress.

Our criminal law punishes only acts which are voluntary and frees from guilt violations done under compulsion and duress. Wharton on Criminal Law, §§ 65 and 123. Coercion will excuse criminal conduct other than murder, treason or conduct equally *mala in se*. To constitute the excuse, the duress must be present, imminent and impend so as to induce a well-grounded apprehension of death or serious bodily injury if the act is not done. The doctrine will not excuse conduct prompted only by fear or threat by another and cannot be invoked by one who had reasonable opportunity to avoid the act without undue exposure to death or serious bodily harm. *State v. St. Clair*, 262 S.W.2d 25, 27[1, 2] (Mo. 1953); Wharton on Criminal Law, § 123.

A cognate rule, developed at common law and adopted into our jurisprudence, holds that a crime [other than those beyond the operation of duress] committed by a wife in the presence of her husband is presumed, in the absence of evidence to the contrary, to have been done under the constraint of the husband and is therefore excused. *State v. Ma Foo*, 110 Mo. 7, 19 S.W. 222, 224 (1892). This presumption that the wife acted under the coercion of the husband is rebuttable by proof that she acted of her own will. *State v. Miller*, 162 Mo. 253, 62 S.W. 692 (1901). When the evidence gives rise to the presumption of coercion by the husband, it falls to the State to show that the wife was not drawn to the offense by him but committed the conduct voluntarily; otherwise the presumption of duress will prevail. *State v. Ma Foo, supra*, l. c. 225; *State v. Miller, supra*, l. c. 694; Wharton on Criminal Law, § 102.

Thus the law constitutes duress an excuse for conduct otherwise criminal upon which a defendant does not carry the burden of proof. It belongs to that category of justifiable and excusable acts which—for want of a better terminology—MAI–CR calls *special negative defenses*. These are "defenses"—such as entrapment, accident, self-defense—which when supported by sufficient evidence must be given to the jury by proper instruction whether requested or not. MAI–CR 2.04, Notes on Use, Fifth Paragraph. See, also, *State v. Weinzerl*, 495 S.W.2d 137 (Mo.App.1973), MAI–CR 3.28 [entrapment]; *State v. Minnis*, 486 S.W.2d 280 (Mo.1972), MAI–CR 2.40 [self-defense].

The defendant contends that her evidence shows that her acts were incited by the husband and so she was entitled to an instruction on duress. This conclusion rests on her testimony that her refusal of the use of the car to the husband for his purposes would have resulted in either "an argument or a fight" and that she acquiesced to avoid his "hostility". This evidence falls short of a prima facie proof of duress. It shows merely a response to the bare wish or command of the husband without the constraint from apprehension of injury to herself. Also, her own evidence shows that before the police chase began, she had let the husband out of the vehicle and so was then free from whatever compulsion had kept her in his thrall. The evidence of the defendant allows the inference only that her incitement to the crimes was voluntary. It was noted in the early *Ma Foo* case, *supra*, [l. c. 225] that there was "little in the present organization of society upon which the *prima facie* presumption [that a crime committed by a wife in the presence of a husband results from his coercion] . . . can stand, and certainly nothing calling for any extension of the presumption." That postulate has become even more tenuous in contemporary life.

The instruction tendered by the defendant was properly refused. The judgment is affirmed.

All concur.