STATE OF WEST VIRGINIA

*v.*

FRANK JOSEPH MCKINNEY

(No. 13849)

Decided June 6, 1978.

*Ben B. White, Jr.,* for plaintiff in error.

*Chauncey H. Browning,* Attorney General, *William D. Highland,* Assistant Attorney General, for defendant in error.

CAPLAN, CHIEF JUSTICE:

Frank J. McKinney was convicted of murder of the first degree in the Circuit Court of Mercer County and, mercy having been recommended by the jury, was sentenced to imprisonment for life. Upon his petition a writ of error was granted.

The defendant was charged with the murder of one William David Walsh. The record discloses that the deceased died from a gunshot wound in the temple or as a result of a fractured skull. According to medical testimony, the most likely cause of death was a "massive internal hemorrhage secondary to gunshot wound." The most damaging evidence against the defendant was given by Paul Lee who testified that he witnessed the shooting and stated that the defendant "shot him". Lee further testified that McKinney had "hit him [deceased] in the forehead a couple of times" with a .22 caliber pistol wrapped in a towel.

Numerous errors are assigned on this appeal, many of which assert that the evidence was insufficient to support the verdict. An examination of the record, particularly the transcript of testimony, convinces us that the guilt or innocence of the defendant was a question properly left to the jury. We cannot say that there was insufficient evidence to support the findings of the jury and the verdict will not be disturbed on that ground. *State v. Bailey*, 151 W. Va. 796, 155 S.E.2d 850 (1967); *State v. Etchell*, 147 W. Va. 338, 127 S.E.2d 609 (1962); *State v. Kessinger*, 144 W. Va. 209, 107 S.E.2d 367 (1959); *State v. Harlow*, 137 W. Va. 251, 71 S.E.2d 330 (1952).

Prior to the presentation of any evidence defense counsel moved that in the event the defendant took the witness stand in his own behalf the state not be permitted, on cross examination, to disclose any prior criminal record of the defendant. The defendant assigns as error the court's denial of this motion. In *State v. McAboy*, ___ W. Va. ___, 236 S.E.2d 431 (1977), it was said in Syllabus No. 1:

"In the trial of a criminal case, a defendant who elects to testify may have his credibility impeached by showing prior convictions of perjury or false swearing, but it is impermissible to impeach his credibility through any other prior convictions."

The Court, in *State v. Brooks*, ___ W. Va. ___, 238 S.E.2d 181 (1977) noted that *"McAboy* made its rule applicable to all cases that were in the trial stage or in the appellate process on the date it was decided and which specifically preserved this point." In the instant case the defendant's petition for a writ of error was granted by this Court on February 14, 1977. Clearly, it was in the appellate process when *McAboy* was decided. Furthermore, the defendant did specifically preserve this point.

Having been denied his motion relative to the disclosure of prior convictions, the defendant was effectively denied the right to testify in his own behalf. He was entitled to so testify in his own behalf. He was entitled to so testify, so long as he did not place his character and reputation in issue, with the assurance of the court that prior convictions, except for perjury or false swearing, would not be revealed on cross examination. The trial court, therefore, committed reversible error in denying the motion of the defendant whereby he sought protection under *McAboy* and *Brooks*.

A further error assigned by the defendant is the court's refusal to suppress all evidence obtained by a search of his place of business and home, there having been no search warrant. Although a "Consent To Search" was excuted by the defendant, there was no determination by the court of the voluntariness of such consent. The ·state concurs in this assignment of error and suggests that the case be remanded for the purpose of holding a suppression hearing to determine the validity of the defendant's consent. Such determination is of vital importance in the absence of a search warrant. We are of the opinion that, as in the case of a confession, the trial court must, even in the absence of a specific request, determine the voluntariness of a consent to

search executed by the defendant before the evidence obtained by the search can be introduced. *See, State v. Boyd,* ____ W. Va. ____, 233 S.E.2d 710 (1977); *State v. Plantz,* 155 W. Va. 24, 180 S.E.2d 614 (1971); and *State v. Fortner,* 150 W. Va. 571, 148 S.E.2d 669 (1966).

Although the defendant assigns as error the giving of several instructions offered by the state, he argues only state's Instruction No. 2. That instruction reads as follows:

> The Court instructs the jury that if you believe from all the evidence in this case beyond a reasonable doubt that the defendant, Frank Joseph McKinney, at the time and place alleged in the indictment, unlawfully, feloniously, wilfully, deliberately, maliciously, premeditatedly and with malice aforethought, shot the deceased with a pistol and that the deceased died from the result of such shot, and if you further believe from all the evidence beyond a reasonable doubt that said shooting, if you believe there was such shooting, on the part of the defendant was without justification, excuse, palliation or alleviation, then you are instructed that the defendant is prima facie guilty of murder of the first degree. And you are further instructed that if you believe from all the evidence that a shooting happened, as aforesaid, there was no particular period during which it was necessary that malice should have existed or the defendant should have contemplated the killing.

The defendant contends that such instruction was erroneous and constituted reversible error in that it created a presumption upon which he could be found guilty of murder of the first degree. Furthermore, says the defendant, the latter part of the instruction requires him to come forward with some justification for the shooting or else he will be presumed to be guilty of first degree murder.

The first part of the instruction clearly requires the jury to find, beyond a reasonable doubt, that Frank Jo-

seph McKinney "unlawfully, feloniously, wilfully, deliberately, maliciously, premeditatedly and with malice aforethought, shot the deceased with a pistol and that the deceased died from the result of such shot." The latter part of the instruction merely told the jury that if the defendant had no justification for such shooting, should it believe he did the shooting, then the defendant is prima facie guilty of murder of the first degree. The defendant was not thereby required to prove anything.

Certainly this instruction required the state to prove all of the elements of the crime charged. There was no proof of guilt based on a presumption. The latter part of the instruction relating to justification is somewhat analagous to a negligence instruction in a civil action wherein a plaintiff may be required to negative contributory negligence on his part before he can recover.

*State v. Pendry,* ____ W. Va. ____, 227 S.E.2d 210 (1976) lends no comfort to the defendant in this case. In that case the jury was instructed that by the introduction of evidence showing Pendry's deliberate use of a deadly weapon, he was presumed to have intended the consequences that resulted from the use thereof in the absence of proof to the contrary. The jury was thereby entitled to accept proof of the use of a deadly weapon as proof beyond a reasonable doubt of the elements of intent and malice unless there was proof to the contrary. This is impermissible. "A presumption cannot relieve the State of proving those elements beyond a reasonable doubt." *State v. Pendry, supra.*

In the instant case there was no reliance upon a presumption. The state was required to prove every element of the crime beyond a reasonable doubt. This assignment of error is, therefore, without merit.

For the reasons stated in this opinion, the judgment of the Circuit Court of Mercer County is reversed, the verdict is set aside and the case is remanded for a new trial.

*Reversed, remanded, and new trial awarded.*