301 S.E.2d 160

**STATE of West Virginia**

v.

**Robert John TANNER.**

**No. 15224.**

Supreme Court of Appeals of West Virginia.

Dec. 15, 1982.

Rehearing Denied March 30, 1983.

James E. Roark, Pros. Atty., and Frances W. McCoy, Asst. Pros. Atty., Charleston, for appellee.

Robert E. Douglas, Thomas G. Freeman, II, Charleston, for appellant.

HARSHBARGER, Justice:

Robert John Tanner appeals two convictions in the Circuit Court of Kanawha County of aggravated robbery, W.Va.Code, 61-2-12.

His two assignments of error that warrant discussion are whether the trial court's refusal to instruct the jury on the affirmative defense of compulsion or coercion was prejudicial error, and whether the trial court should have permitted the prosecution to cross-examine Tanner about a prior robbery conviction on the theory that he had placed his character in issue by testifying that he had been coerced into committing the acts charged while in a highly intoxicated mental state.[1]

On the evening of December 15, 1978, Tanner entered a liquor store in Charleston, fired a shot from a pistol into the ceiling, and robbed two cashiers. He was apprehended shortly thereafter, resisted arrest, was transported to a local hospital for treatment of head injuries, and then was taken to Charleston police headquarters. Following *Miranda* warnings, Tanner made inculpatory admissions that were tape-recorded.

Prior to trial, the defense moved to suppress the tape-recorded statement. The trial court had a hearing, and then denied the motion, but ruled that portions of the recorded statement referring to Tanner's involvement in another crime were not admissible in evidence unless the accused affirmatively put his character in issue at trial. The prosecution in its case-in-chief introduced testimony from eyewitnesses and from police officers, but elected not to introduce Tanner's tape-recorded statement.

The defense called several witnesses, including police officers involved in his arrest and interrogation, to establish his intoxication at the time of the offense. Tanner took the witness stand and admitted that he committed the acts charged, but stated that he was drunk and acted under coercion or compulsion. He claimed that while he was in a car near the liquor store a third person, one Bob Canter, threatened to shoot him if he did not commit the robbery, and also threatened to harm members of his family. Tanner also testified that Canter told him another person had been following the car they were in and would be watching him to ensure he committed the robbery.

The prosecution on cross-examination, over timely and specific objection, was permitted to bring out that Tanner had previously been convicted of robbery in Ohio. The court found Tanner had placed his character in issue by testifying that he was drunk and coerced into committing the offense, and was thus properly subject to cross-examination on his prior conviction under *State v. McAboy*, 160 W.Va. 497, 236 S.E.2d 431 (1977). Also, he ruled that the entire tape-recorded statement was admissible on cross-examination. The tape recording contained a reference to Tanner's prior robbery conviction.

Tanner's two coercion defense instructions were refused on the basis that they were not proper statements of the law.[2]

---

1. Tanner's other assignments of error are either without merit or are predicated on matters not raised in the trial court so as to preserve them for appellate review.

2. Defendant's coercion instructions numbered 26 and 26-A state:

   "Coercion or compulsion may provide a legal excuse for the crime charged in the indictment. In order, however, to provide a legal excuse for any criminal conduct, the compulsion must be present, and immediate, and of such a nature as to induce a well-founded fear of impending death or serious bodily injury; and there must be no reasonable opportunity to escape the compulsion without committing the crime, or participating in the commission of the crime. Acts done under such coercion or compulsion are not done willingly.

Did the court commit reversible error in refusing to instruct on Tanner's primary theory of defense, i.e., that he lacked the requisite criminal intent to commit the robbery because he acted under duress or compulsion?

■ At common law, duress was generally recognized as a defense, except against charges involving taking the life of an innocent person. This is, of course, consistent with a fundamental premise of our criminal law that a person cannot be criminally punished for acts not done voluntarily. The rule is succinctly summarized in 22 C.J.S. Criminal Law § 44 (1961), at pages 135–36:

> [I]n general an act which would otherwise constitute a crime may be excused on the ground that it was done under compulsion or duress, since the necessary ingredient of intention ... is then lacking.

> The compulsion or coercion which will excuse the commission of a criminal act must be present, imminent, and impending, and of such a nature as to induce a well grounded apprehension of death or serious bodily harm if the act is not done; it must be continuous, and there must be no reasonable opportunity to escape the compulsion without committing the crime. A threat of future injury is not enough, particularly after danger from the threat has passed. However, it is not necessary that accused show that he was absolutely driven and made to commit the act charged as a crime. (Footnotes omitted.)

*See also* Annot., Coercion, Compulsion, or Duress As Defense to Charge of Robbery, Larceny, or Related Crime, 1 A.L.R.4th 481 (1980); Annot., 40 A.L.R.2d 908 (1955); 21 Am.Jur.2d Criminal Law § 148 (1981); 1 Wharton's Criminal Law § 51 (1978).

"If the evidence in the case leaves you with a reasonable doubt that the defendant, at the time and place of the offense alleged in the indictment, acted willfully and voluntarily, and not as a result of coercion, compulsion or duress as just explained, then it is your duty to find the defendant not guilty."

Defendant's Instruction No. 26–A:

"The defendant has interposed the defense that he was coerced to commit the crime

We find Tanner's instructions (see Footnote 2) to be legally unobjectionable. We are a common-law state, and he was entitled to an instruction on his theory of defense if the evidence supporting it was sufficient to take the question to the jury. *See, e.g., State v. Neider,* 170 W.Va. 662, 295 S.E.2d 902 (1982); *State v. Allen,* 131 W.Va. 667, 49 S.E.2d 847 (1948); *State v. Wisman,* 94 W.Va. 224, 118 S.E. 139 (1923). If the evidence raised a reasonable doubt about his criminal intent to commit the offense charged, it would be a valid legal defense.

■ However, his only evidence was his uncorroborated testimony, thoroughly discredited by his tape-recorded confession. He did not mention in his statement immediately following the robbery that his life or members of his family had been threatened; he stated only that the crime was Canter's idea and that he acquiesced in its commission because he was drunk.

When he entered the liquor store, armed with a deadly weapon, he could have informed the employees of his plight and sought their assistance in calling the police; but instead of embracing a noble course, he shot the ceiling, took the money and ran. And as the car he was riding in was being driven away, he fired shots into the air to discourage pursuit.

We do not overlook his testimony that he was also told that members of his family would be harmed if he did not commit the robbery. He did not make this claim in his statement to the police. A criminal act will not be excused unless the threat of death or serious bodily injury is imminent, and a threat of future injury is not enough. *See, e.g., People v. Robinson,* 41 Ill.App.3d 526, 354 N.E.2d 117 (1976).

charged. If the jury finds from the evidence that defendant did not commit the crime willingly or voluntarily, but that he acted because of coercion induced by well-founded fear of immediate and impending danger of serious bodily harm either to himself or to a near relative, and that there was no reasonable opportunity to escape the coercion without committing the crime, the jury should find the defendant not guilty."

We find no error by the trial court's refusal of these instructions. *Johnson v. United States*, 370 F.2d 495 (9th Cir.1966); *Missouri v. Davis*, 559 S.W.2d 602 (Mo. App.1977); *see also* 1 A.L.R.4th, *supra* at § 3[b].

■ About the second issue, we agree that Tanner did not place his character in issue so as to permit his cross-examination on a prior robbery conviction.[3] But we think that the error was harmless.

■ It is now a familiar evidentiary rule, that with exceptions for perjury and false swearing, prior criminal convictions may not be introduced into evidence to attack a defendant's character or to impeach credibility, unless he first puts his character in issue. The rule is well stated in Syllabus Point 2 of *State v. McKinney*, 161 W.Va. 598, 244 S.E.2d 808 (1978), as follows:

A defendant in a criminal case is entitled to testify in his own behalf and so long as he does not place his character and reputation in issue, he is entitled to assurance by the court that no prior conviction, save convictions for perjury or false swearing, would be revealed on cross-examination.

Consequently, it was error to permit Tanner's cross-examination on a prior robbery conviction unless it can be said that the defense of coercion or duress put his character in issue.

■ A criminal defendant does not venture his character by relying on self-defense. *See e.g., Oregon v. Wilson*, 39 Or. App. 429, 578 P.2d 822 (1978).[4] Coercion is most analogous to a self-defense defense. Both are based on self-preservation and both look to the reasonableness of the actor's belief that his only safe alternative is to do a criminal act. It is unimportant that the actor at some other time was disposed to commit a crime.

■ Nonetheless, we find the error was harmless when tested by Syllabus Point 2 of *State v. Atkins*, 163 W.Va. 502, 261 S.E.2d 55 (1979), *cert. denied*, 445 U.S. 904, 100 S.Ct. 1081, 63 L.Ed.2d 320 (1980):

Where improper evidence of a non-constitutional nature is introduced by the State in a criminal trial, the test to determine if the error is harmless is: (1) the inadmissible evidence must be removed from the State's case and a determination made as to whether the remaining evidence is sufficient to convince impartial minds of the defendant's guilt beyond a reasonable doubt; (2) if the remaining evidence is found to be insufficient, the error is not harmless; (3) if the remaining evidence is sufficient to support the conviction, an analysis must then be made to determine whether the error had any prejudicial effect on the jury.

Tanner admitted that he committed the acts; his defense only denied his criminal intent at that time, and no other issue was presented by the evidence. He did not produce appreciable evidence to prove his defense by raising a reasonable doubt about his criminal intent, and the State's case against him was, indeed, strong. On this record, we can find no prejudice and can confidently say that the jury's verdict would not have been influenced a tad and could not have been different on the evidence presented.

Affirmed.

---

**3.** Tanner was also cross-examined about his knowledge that Canter had robbed the convenience store where Tanner had previously been employed, his involvement in that crime, and his statements to the police concerning that offense. We find that this cross-examination was not improper, considering his testimony about coercion by Canter.

**4.** That a defendant does not put his character in issue by claiming self-defense, was implicitly recognized in *State v. Atkins*, 163 W.Va. 502, 261 S.E.2d 55 (1979).