# IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

Opinion Number: 2022-NMSC-004

Filing Date: November 1, 2021

No. S-1-SC-37938

**STATE OF NEW MEXICO,**

Plaintiff-Respondent,

v.

**JULIAN A. MARTINEZ,**

Defendant-Petitioner.

**ORIGINAL PROCEEDING ON CERTIORARI**
**Robert A. Aragon, District Judge**

Released for Publication February 22, 2022.

Bennett J. Baur, Chief Public Defender
Charles Agoos, Assistant Appellate Defender
Santa Fe, NM

for Petitioner

Hector H. Balderas, Attorney General
Eran Shemuel Sharon, Assistant Attorney General
Santa Fe, NM

for Respondent

## OPINION

**THOMSON, Justice**

{1}     In this opinion, we clarify that the return of a jury's guilty verdict does not divest a district court of its inherent authority to determine whether the evidence presented at trial was legally insufficient to support a conviction. We also conclude that the State may appeal such a determination without offending the principles of double jeopardy. We reverse and remand to the Court of Appeals for further proceedings to consider the sufficiency of the evidence.

## I.    BACKGROUND

**{2}**    The Court of Appeals determined, without actually reviewing the sufficiency of the evidence, that the district court did not have the authority to review the sufficiency of the evidence after it accepted the jury's verdict. *See State v. Martinez*, A-1-CA-37798, mem. op. ¶¶ 1-3 (N.M. Ct. App. Sept. 16, 2019). Therefore, we recount only the facts relevant to whether the district court had authority to rule as it did, which are minimal and, primarily, procedural.

**{3}**    Defendant Julian A. Martinez was charged with committing multiple crimes, including criminal sexual penetration, battery against a household member, and false imprisonment. At trial, the district court denied Defendant's motion for a directed verdict, determining that there was sufficient evidence presented to submit the questions of guilt on five counts to the jury. The jury returned two guilty verdicts, convicting Defendant of criminal sexual penetration and battery against a household member, and the district court accepted the verdicts. Two days later, on its own motion, the district court vacated both convictions, concluding that the State failed to establish that Defendant was the person who committed the crimes. The State appealed.

**{4}**    The Court of Appeals summarily reversed the district court in a nonprecedential, memorandum opinion, relying almost entirely on language quoted from *State v. Torrez*, 2013-NMSC-034, ¶ 10, 305 P.3d 944: "A district court does not have the authority to override a jury's verdict and enter a verdict different than that handed down by the jury." *Martinez*, A-1-CA-37798, mem. op. ¶¶ 2-3. Defendant petitioned this Court for certiorari review, which we granted. *See* Rule 12-502 NMRA (providing for "review of decisions of the Court of Appeals"). We now determine whether a district court's authority to review the sufficiency of the evidence ends when the jury returns a verdict. We conclude it does not.

## II.    ANALYSIS

**{5}**    Whether a district court has the authority to determine the evidence was insufficient postverdict is a legal question we review de novo. *See State v. Gonzales*, 2005-NMSC-025, ¶ 21, 138 N.M. 271, 119 P.3d 151 (observing that questions which "require a court to exercise judgment about the values that animate legal principles" or "consider abstract legal doctrines" and "balance competing legal interests" are subject to de novo review (internal quotation marks and citations omitted)); *State v. Frank*, 2002-NMSC-026, ¶10, 132 N.M. 544, 52 P.3d 404 (observing that "matters of law," such as whether a court has the authority to act, are reviewed de novo (internal quotation marks and citation omitted)).

**{6}**    The New Mexico Rules of Criminal Procedure "are intended to provide for the just determination of criminal proceedings [and] shall be construed to secure simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay." Rule 5-101(B) NMRA. These rules are applied with an understanding of a court's "inherent power to see that a [defendant's] fundamental rights are protected in every case" and that "[every] court has the power, in its discretion, to relieve [a defendant of

the error] and to see that injustice is not done." *State v. Cunningham*, 2000-NMSC-009, ¶ 12, 128 N.M. 711, 998 P.2d 176 (internal quotation marks and citation omitted). "Because a court's inherent power is at the core of judicial authority, it is the province of this Court to define the contours of that power." *State ex rel. N.M. State Highway and Transp. Dep't v. Baca*, 1995-NMSC-033, ¶ 20, 120 N.M. 1, 896 P.2d 1148.

**{7}** With this in mind, we conclude that nothing in *Torrez* or the cases upon which the State relies alters a district court's inherent authority to determine that the evidence presented was legally insufficient to sustain a conviction. *See Martinez*, A-1-CA-37798, mem. op. ¶¶ 2-3. This conclusion does not alter, but rather strengthens, two requirements of our Rules of Criminal Procedure: (1) A district court's duty to examine the sufficiency of the evidence prior to submitting a question of guilt to the jury and (2) the prohibition of a district court from invading the fact-finding province of a jury. *See* Rule 5-607(E), (K) NMRA (establishing the "order of trial" and providing that "out of the presence of the jury, the court shall determine the sufficiency of the evidence, whether or not a motion for directed verdict is made"); Rule 5-701(A) NMRA ("If the defendant is found guilty, a judgment of guilty shall be rendered. If the defendant has been acquitted, a judgment of not guilty shall be rendered.").

**{8}** Whether the evidence is sufficient to sustain a verdict is a question that "may and should be raised by the court of its own motion, if necessary to prevent a miscarriage of justice." *Ansley v. United States*, 135 F.2d 207, 208 (5th Cir. 1943).

## A.  A Court's Inherent Authority to Render a Postverdict Decision on the Sufficiency of the Evidence Is Not Limited by New Mexico Precedent

**{9}** The State maintains that *Torrez* bars the district court's sufficiency review once the jury has returned a guilty verdict. The State also argues that our Rules of Criminal Procedure as construed by *State v. Davis*, 1982-NMCA-057, 97 N.M. 745, 643 P.2d 614, and *State v. Willyard*, 2019-NMCA-058, 450 P.3d 445, similarly bar such review. We disagree, as the proper application of these cases depends on the procedural context in which they are applied and none of the cases relied upon by the State answer the question raised here. We address each separately.

### 1.  *Torrez*—invasion of the province of the jury

**{10}** The holding in *Torrez* resulted from a defendant's second appeal following a second trial. *See Torrez*, 2013-NMSC-034, ¶ 5. "In his first trial, [the d]efendant was charged with first degree murder under two alternative theories: felony murder and depraved mind murder." *Id.* ¶ 6; *see also* NMSA 1978, § 30-2-1(A) (1994) (establishing three possible theories of first-degree murder: willful, deliberate, and premeditated; felony; or depraved mind). The jury convicted Torrez under a general verdict, which meant that it "did not specify whether its verdict was based on felony murder, depraved mind murder, or both." *See Torrez*, 2013-NMSC-034, ¶ 10. Disregarding the nature of a general verdict, the district court entered a judgment indicating Defendant committed first-degree (felony) murder but did not commit first-degree (depraved mind) murder. *Id.* ¶¶ 6, 10. The propriety and effect of entering a judgment specifying a single alternative

theory of conviction after a jury returns a general verdict based on more than one alternative was not raised by either party or addressed as part of the first appeal. *See State v. Torrez*, 2009-NMSC-029, ¶ 1, 146 N.M. 331, 210 P.3d 228 (enumerating the issues raised on appeal). Instead, the convictions were reversed because of wrongly admitted "expert testimony." *Id.* ¶ 34.

**{11}** In Torrez's second appeal following retrial, he advanced a double jeopardy claim and argued that he could not be retried for depraved mind murder because the district court's prior judgment indicated he had been acquitted. *Torrez*, 2013-NMSC-034, ¶ 8. This Court held that a district court cannot select one theory of conviction and acquit a defendant of the alternative theories when a jury renders a general verdict because a district court "[cannot] know under which theory [a defendant is] convicted" and "does not have the authority to override a jury's verdict and enter a verdict different than that handed down by the jury." *Id.* ¶¶ 6, 9-10. Thus, the issue in *Torrez* was procedurally and substantively different from the issue in this case. Entering a different verdict in the context presented by *Torrez* invades the province of the jury. *Id.* ¶ 10; *see* Rule 5-701(A); *cf. State v. Garcia*, 2011-NMSC-003, ¶ 5, 149 N.M. 185, 246 P.3d 1057 (providing that it is the province of the jury to determine the credibility of witnesses and the weight of the evidence to arrive at a verdict).

**{12}** However, in this case, the province of the jury was not invaded. Rather than assessing witness credibility or weighing evidence, the district court considered the evidence supporting the conviction and applied the proper standard to determine the evidence was legally insufficient. *See State v. Galindo*, 2018-NMSC-021, ¶ 12, 415 P.3d 494 (reiterating the applicable appellate standard for reviewing the legal sufficiency of the evidence). Thus, we reject the application or expansion of the holding in *Torrez* to this case. We next address *Davis*, on which *Torrez* relied and which the State argues supports affirming the Court of Appeals.

### 2. *Davis*—application of Rule 5-607 and Rule 5-701

**{13}** The State maintains that the Court of Appeals' decision is supported by *Davis*, which concluded that "[t]he trial court did not comply with its mandatory duty to rule on the sufficiency of the evidence." 1982-NMCA-057, ¶ 11. The *Davis* Court then summarily applied two procedural rules to affirm the defendant's conviction. *Id.* ¶¶ 13-15. Like *Torrez*, the application of *Davis* to this case is not justified.

**{14}** In *Davis*, the district court took a motion for directed verdict under advisement. *Id.* ¶¶ 9-12. After the jury returned a guilty verdict, the district court determined that the defendant's postverdict motion "for a judgment of acquittal notwithstanding the verdict . . . was 'well taken' and entered a judgment of not guilty." *Id.* ¶ 1. The *Davis* Court concluded that error resulted because the district court failed to follow Rule of Criminal Procedure 40, the precursor to Rule 5-607, which then governed the order of trial and established a district court's "mandatory duty to rule on the sufficiency of the evidence"

prior to submitting the question of guilt to the jury.[1] *Davis*, 1982-NMCA-057, ¶ 12. The *Davis* Court similarly concluded that Rule of Criminal Procedure 40 did not allow for motions for directed verdict to be taken under advisement. *See Davis*, 1982-NMCA-057, ¶ 14. That conclusion also avoids due process concerns, which could be raised by the failure to comply with the "mandatory duty to rule on the sufficiency of the evidence" prior to submitting the question of guilt to the jury. *See id.* ¶ 10. Massachusetts, for example, has found that a district court violates a "defendant's right to due process" when it reserves ruling on a motion for directed verdict and then grants the motion after a jury returns a verdict of guilty. *Commonwealth v. Yasin*, 132 N.E.3d 531, 535, 540, 542-543 (Mass. 2019) ("When the judge reserved decision on the defendant's motion for a directed verdict at the close of the Commonwealth's case, she deprived the defendant of his right to insist that the Commonwealth prove each element of murder beyond a reasonable doubt before he decided whether to rest or to present a defense.").

**{15}** We agree with the *Davis* Court's interpretation of Rule of Criminal Procedure 40 and Rule of Criminal Procedure 46, now codified as Rule 5-607 and Rule 5-701, respectively,[2] that a district court may not decline to rule on a motion for directed verdict, submit the question of guilt to the jury, and then simply "enter a judgment of not guilty." *Davis*, 1982-NMCA-057, ¶¶ 1, 13, 14. This opinion does not disturb the conclusion in *Davis*. When a district court reweighs the evidence, the court violates the rule of criminal procedure that establishes the exclusive province of the jury as fact-finder. *See Davis*, 1982-NMCA-057, ¶ 15 ("The trial court's noncompliance with Rule of Crim. Proc. 46 requires a reversal of its judgment of not guilty."); *see also* Rule 5-701(A). The State wants this Court to expand *Davis* to prohibit a district court from not only reweighing the evidence, but also from making a legal determination on the sufficiency of the evidence. However, neither *Davis* nor Rule 5-607 nor Rule 701(A) prohibits a court from considering the sufficiency of the evidence after the jury returns a verdict.

**{16}** It is crucial to note the *Davis* Court was asked and specifically declined to resolve the question we answer today, whether a district court has the inherent authority to review the sufficiency of the evidence after the jury verdict is returned. The *Davis* Court concluded that "it [was] unnecessary to decide whether, apart from the Rules of Criminal Procedure, a judgment notwithstanding the verdict [was] authorized." 1982-NMCA-057, ¶¶ 5-6.

**{17}** A court's inherent authority to examine the sufficiency of the evidence before a case is submitted to the jury and to review the sufficiency of the evidence postverdict serves and balances two purposes. First, it fulfills a district court's "mandatory duty to

---

[1] Rule of Criminal Procedure 40 cited in *Davis*, 1982-NMCA-057, ¶ 14, is virtually identical to the rule as it is now codified. *Compare* Rule of Crim. Proc. 40(e), (k) (1975) (requiring that "the court shall determine the sufficiency of the evidence, whether or not a motion for directed verdict is made" at the close of the state's case and prior to instructing the jury at the close of evidence), *with* Rule 5-607(E), (K) (same).

[2] "Rule of Crim. Proc. 46 state[d]: If the defendant is found guilty, a judgment of guilty shall be rendered." *Davis*, 1982-NMCA-057, ¶ 13. This rule is identical to the current rule, which is before this Court in this case. *See* Rule 5-701(A); *see also* ¶ 14 n.1, *supra*.

rule on the sufficiency of the evidence"; second, it preserves the state's right to appeal. *See Davis*, 1982-NMCA-057, ¶ 12 ("The trial court did not comply with its mandatory duty to rule on the sufficiency of the evidence."); *State v. Baca*, 2015-NMSC-021, ¶ 21, 352 P.3d 1151 (observing that the state loses the right to appeal a district court's acquittal of a defendant by determining there is insufficient evidence *prior to* submitting the question of guilt to the jury "even where the determination of insufficiency of evidence results from an erroneous evidentiary ruling"); *see also Yasin*, 132 N.E.3d at 535, 542 (determining that reserving ruling on a motion for directed verdict until after a verdict is rendered violates due process and, if allowed to stand, deprives a state of the right to appeal the issue of sufficiency). Here the district court complied with its mandatory duty and preserved the issue of sufficiency for appeal.

**{18}** The district court accepted the jury's verdict and made a legal determination on the sufficiency of the evidence, using the standard applicable on appeal, *and importantly*, providing its reasoning that the State failed to provide sufficient evidence to identify Defendant as the individual that actually committed the crime. This strikes the proper balance encouraged by our Rules of Criminal Procedure. *See* Rule 5-101(B). We now turn to the State's argument that *Willyard* supports affirming the Court of Appeals.

### 3. *Willyard*—Rule 5-701(A) does not require a mechanical entry of judgment

**{19}** The State also argues that *Willyard* requires a district court to mechanically enter a jury's verdict, which fails to acknowledge the circumstances of that case and the specific question presented to the appellate court. For many of the reasons already stated, we disagree.

**{20}** In *Willyard*, the district court granted a new trial because it determined the defendant was convicted based on insufficient evidence. 2019-NMCA-058, ¶ 5. The Court of Appeals reversed, concluding "that it would be inherently inconsistent to allow a motion for new trial to be granted based on insufficiency of the evidence when that insufficiency bars retrial." *Id.* ¶ 14; *see also Baca*, 2015-NMSC-021, ¶ 21. The district court's remedy of granting a new trial in this circumstance is clearly improper because it offends the principles of double jeopardy. *Willyard*, 2019-NMCA-058, ¶ 14; *see also Burks v. United States*, 437 U.S. 1, 1 (1978) ("[T]he Double Jeopardy Clause precludes a second trial once the reviewing court has found the evidence legally insufficient."). "It is settled law that if a conviction is overturned for insufficient evidence, the reversal is treated as an acquittal for double jeopardy purposes." *State v. Gonzales*, 2013-NMSC-016, ¶ 17, 301 P.3d 380. In contrast to *Willyard*, the district court here did not grant a new trial; it found the evidence legally insufficient and dismissed "[a]ll charges . . . with prejudice" postverdict. The district court acted in conformity with its inherent authority and duty to act in the interest of justice by accepting the jury's guilty verdict and ruling on the sufficiency of the evidence postverdict.

**{21}** We also note that the *Willyard* Court, analogous to the *Davis* Court, expressly declined to consider whether a district court's review of "its rulings on directed verdict motions" or review of the sufficiency of the evidence "after the jury has rendered its verdict" because the defendant did not cite supporting authority. *Willyard*, 2019-NMCA-

058, ¶ 20. As we previously explained, Rule 5-701(A) does not require that a district court mechanically enter the jury's verdict. Instead, it codifies the principle that a district court should not invade the province of the jury by rendering a judgment based on its assessment of witness credibility or otherwise reweighing the evidence presented at trial. *Cf. Garcia*, 2011-NMSC-003, ¶ 5 (providing that it is the province of the jury to determine the credibility of witnesses and the weight of the evidence to arrive at a verdict).

**{22}** *Willyard* does not apply in this case. The district court here did not attempt to grant a new trial, which would violate the principles of double jeopardy. *See Willyard*, 2019-NMCA-058, ¶ 10. Instead, the district court relied upon its inherent authority to rule on the legal sufficiency of the evidence postverdict. In a close case, this balances a defendant's right to due process and a court's duty to ensure justice. Double jeopardy is not offended when reversal on appeal would "merely reinstate the jury's verdict." *United States v. Wilson*, 420 U.S. 332, 344-345 (1975) ("Since reversal on appeal would merely reinstate the jury's verdict, review of such an order does not offend the policy against multiple prosecution."). This procedure does not expose a defendant to a retrial after an apparent acquittal, and therefore, complies with double jeopardy protections. *See State v. Aguilar*, 1981-NMSC-027, ¶¶ 5-6, 95 N.M. 578, 624 P.2d 520 (recognizing the state's right to appeal as "an aggrieved party" under Article VI, Section 2 of the New Mexico Constitution when there is "a disposition contrary to law in a criminal proceeding").

### B. The Rules of Criminal Procedure for State Courts Committee Should Consider Drafting Additional Procedural Rules on Postverdict Judgments of Acquittal

**{23}** Both Defendant and the State urge this Court to consider the procedural rules of foreign jurisdictions that govern postverdict judgments of acquittal. Defendant maintains, without supporting authority, that "[e]very single jurisdiction in the United States other than New Mexico allows a trial court to vacate a conviction post-verdict based on a finding of insufficient evidence." The State argues to the contrary, suggesting that "[t]he majority of jurisdictions either prohibit a [judgment notwithstanding the verdict or] require the defendant to move for one . . . ." Both parties cannot be correct.

**{24}** Regardless, the parties' broad assertions—that the majority of state and federal statutes and rules support their respective positions—do not sufficiently take into account the interpretation and application of those statutes and rules by the relevant foreign jurisdictions. For example, the State argues that ten states, including North Carolina, *require* a defendant to file a motion before a court is permitted to consider postverdict relief, citing, *e.g.*, N.C. Gen. Stat. § 15A-1414 (2021). However, our review of North Carolina law suggests otherwise. The North Carolina Court of Appeals held that "[a] trial judge may set aside a guilty verdict that is contrary to the weight of the evidence pursuant to a motion by the defendant, N.C. Gen. Stat. § 15A-1414(a) (1988), or upon its own motion whenever the defendant is entitled to relief. *Id.* § 15A-1420(d)." *State v. Morgan*, 425 S.E.2d 1, 2 (N.C. Ct. App. 1993). Similarly, our review of case law revealed that federal courts have acknowledged there is a continuing inherent authority,

if not a duty, to evaluate the sufficiency of the evidence. *See, e.g.*, *United States v. Broadus*, 664 F. Supp. 592, 598 (D.D.C. 1987) ("[A] trial court, with jurisdiction over a criminal case, has inherent power to evaluate the sufficiency of the evidence supporting conviction at any time *while its jurisdiction over the case continues*." (emphasis added)); *see also* Fed. R. Crim. P. 29(b), (c) (providing that postverdict judgments of acquittal are appropriate when (1) a court reserves its decision on a preverdict motion or (2) a defendant "move[s] for a judgment of acquittal, or renew[s] such a motion" within a specified period). Fortunately, the Court need not look to foreign jurisdictions to delineate the inherent authority of New Mexico courts. *See State ex rel. N.M. State Highway and Transp. Dep't*, 1995-NMSC-033, ¶ 20.

**{25}**   Those critiques aside, having resolved the discrete issue before this Court by determining that a district court has the inherent authority to review the sufficiency of the evidence postverdict, we decline to undertake an extensive review of the rules in foreign jurisdictions which govern the procedures therein. The Rules of Criminal Procedure of State Courts Committee is better suited to consider, and further develop if necessary, the rules that govern the procedure prior to appeal to ensure the effective and efficient administration of justice. We accordingly refer the matter to the committee for its consideration.

## III.   CONCLUSION

**{26}**   It is worth reiterating the Fifth Circuit's statement concerning the inherent authority of any court: "It is true that the question [of the sufficiency of the evidence] may and should be raised by the court of its own motion, if necessary to prevent a miscarriage of justice." *Ansley*, 135 F.2d at 208. A district court has the inherent authority to review the sufficiency of the evidence postverdict on its own motion, so long as it retains jurisdiction over the matter.

**{27}**   Based on the foregoing, we reverse the Court of Appeals and remand the matter to the Court of Appeals for further proceedings not inconsistent with this opinion.

**{28}   IT IS SO ORDERED.**

**DAVID K. THOMSON, Justice**

**WE CONCUR:**

**MICHAEL E. VIGIL, Chief Justice**

**C. SHANNON BACON, Justice**

**JULIE J. VARGAS, Justice**