This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-37798**

**STATE OF NEW MEXICO,**

> Plaintiff-Appellant,

v.

**LAW OFFICES OF THE PUBLIC
DEFENDER on behalf of JULIAN
A. MARTINEZ, Deceased,**

> Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF MCKINLEY COUNTY
Robert A. Aragon, District Judge**

Hector H. Balderas, Attorney General
Maris Veidemanis, Assistant Attorney General
Santa Fe, NM

for Appellant

Bennett J. Baur, Chief Public Defender
Charles D. Agoos, Assistant Appellate Defender
Santa Fe, NM

for Appellee

### MEMORANDUM OPINION

**ATTREP, Judge.**

**{1}**     This appeal is before us on remand from the New Mexico Supreme Court, following that Court's decision in *State v. Martinez*, 2022-NMSC-004, 503 P.3d 313.[1]

---

[1]Throughout this opinion, we refer to the appellee in this case as Defendant Julian A. Martinez, even though he is deceased and the Law Offices of the Public Defender was substituted in his place while his appeal was pending in our Supreme Court.

Pursuant to our Supreme Court's mandate, we consider whether there was sufficient evidence to support the jury's findings of guilt as to Defendant Julian A. Martinez, which were set aside by the district court. Concluding there was sufficient evidence, we reverse the district court's order directing verdicts in Defendant's favor.

**BACKGROUND**

**{2}**     The victim testified at trial that she had been in a two-year relationship, and had a child, with "Julian Martinez"; she also testified that, on the date in question, while she and Martinez were living together, Martinez physically and sexually assaulted her. In support of its motion for directed verdict, the defense argued that at no time while on the stand did the victim identify Defendant, the person sitting in court on trial, as the person who committed the offenses against her. The district court denied Defendant's motion, remarking that its ruling must be based on common sense, and that the identification requirement was satisfied by other evidence presented at trial. The case went to the jury, and the jury found Defendant guilty of criminal sexual penetration and battery against a household member.

**{3}**     Two days later, the district court, sua sponte, entered the order at issue in this appeal, an order directing verdicts of acquittal and dismissing the charges against Defendant with prejudice. The district court's reversal was based solely on its newfound view that the evidence indeed failed to establish that "the man sitting at the [defense] table along with his attorneys [at trial] was the same man who had allegedly beaten and raped [the victim]." The court cited the lack of any witness's "express identification of the [accused] as the perpetrator of the acts complained of" and submitted that "[n]ever was the mention of [Defendant's] name accompanied by an identification linked to the man in the [c]ourtroom." The State moved for reconsideration, and the district court denied the request. The State appealed the district court's order of acquittal, as well as the order denying the motion for reconsideration.

**{4}**     This Court reversed the district court's order of acquittal because the jury had already returned verdicts of guilt by the time the motion was granted. *State v. Martinez*, A-1-CA-37798, mem. op. ¶ 2 (N.M. Ct. App. Sept. 16, 2019) (nonprecedential), *rev'd*, 2022-NMSC-004. This Court reasoned that "'[a] district court does not have the authority to override a jury's verdict and enter a verdict different than that handed down by the jury.'" *Id.* (quoting *State v. Torrez*, 2013-NMSC-034, ¶ 10, 305 P.3d 944). On certiorari, our Supreme Court reversed, deciding that "the return of a jury's guilty verdict does not divest a district court of its inherent authority to determine whether the evidence presented at trial was legally insufficient to support a conviction." *Martinez*, 2022-NMSC-004, ¶ 1. The Court further concluded that "the State may appeal such a determination without offending the principles of double jeopardy." *Id.* Our Supreme Court then remanded the case to this Court "for further proceedings to consider the sufficiency of the evidence," *id.*, a topic we declined to address when this case was first before us, *see id.* ¶ 2. We fulfill that obligation today.

**DISCUSSION**

**{5}** "In reviewing the sufficiency of the evidence, we must view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Galindo*, 2018-NMSC-021, ¶ 12, 415 P.3d 494 (internal quotation marks and citation omitted). The relevant question is whether, when so viewing the evidence, "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (internal quotation marks and citation omitted).

**{6}** The parties dispute only whether the evidence was sufficient to establish that Defendant was the perpetrator of the offenses and, as noted, this was the sole basis for the district court's directed verdicts. The district court's doubt in this regard appears to have originated with its belief that in-court identification of the accused—i.e., a testifying witness's act of physically or verbally picking out the defendant in the courtroom—is requisite to a conviction. That view, however, is mistaken.

**{7}** As the State pointed out when this issue arose at trial and again in its request for reconsideration of the district court's order, and as it maintains on appeal, such identification is not always necessary. "A witness does not have to physically point out a defendant in a courtroom, because identification by name is enough . . . so long as the evidence is sufficient to permit the inference that the person on trial was the person who committed the crime." *State v. Hutchinson*, 1983-NMSC-029, ¶ 30, 99 N.M. 616, 661 P.2d 1315 (citation omitted). In *Hutchinson*, no witness specifically identified the person on trial as the perpetrator of the crimes. *See id.* ¶ 28. That circumstance was not fatal to the state's case, because it sufficed that two eyewitnesses to the crime referred to the accused during their trial testimony as "the Defendant, Terry Wayne Hutchinson," "Terry Hutchinson," "Terry," and "The Defendant," and also by his nickname, "Wolf." *See id.* ¶¶ 28-30.

**{8}** Similarly here, and as discussed by the State in its brief in chief, there were a multitude of references at trial to the accused by name, specifically, "Mr. Julian Martinez," "Mr. Martinez," and "Julian." These references were made during the testimony of both the victim and other witnesses. The victim's references to Defendant carry particular weight, as she was no stranger to him: she was his child's mother, had been in a relationship with him for two years, and had been living with him at the time of the incidents leading to the charges. Defendant disputes none of these points. While the in-court references to Defendant described above satisfy the criteria laid out in *Hutchinson*, there is yet further proof that, to use the words of the district court, "the man sitting at the [defense] table along with his attorneys was the same man who had . . . beaten and raped [the victim]." Another witness, an investigator for the defense, testified when asked whether "Julian Martinez" was in the courtroom, that the person by that name was seated at the defense table and wearing a gray shirt and black tie.

**{9}** Based on the foregoing, we conclude without hesitation that a rational trier of fact could have found beyond a reasonable doubt that the crimes portrayed by the witnesses at trial were committed by Defendant.[2]

**CONCLUSION**

**{10}** For the foregoing reasons, we reverse the district court's order directing verdicts in Defendant's favor, and we remand to the district court for further proceedings consistent with this opinion. The propriety of instating a conviction on remand, as would ordinarily happen in a case like this, is subject to question here, where Defendant is deceased and a substitute party has been appointed. The parties do not address this matter in their briefing. We therefore leave it to them and the district court on remand to decide the appropriate course of action in light of the circumstances.

**{11}  IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Judge**

**WE CONCUR:**

**ZACHARY A. IVES, Judge**

**KATHERINE A. WRAY, Judge**

---

[2]In apparent anticipation of this conclusion, Defendant proposes an alternative basis for affirming the order directing verdicts in Defendant's favor. Defendant contends that, because the order was issued nunc pro tunc, it is as though the motion for directed verdict were granted at the time it was made (i.e., before the case was submitted to the jury); and that, since such a grant is not reviewable on appeal, *see Martinez*, 2022-NMSC-004, ¶ 17 (providing that the state is barred from appealing when a defendant is acquitted by the trial court prior to submitting the question of guilt to the jury), the order must stand. To entertain this argument would be to contravene our Supreme Court's holding in this case—that the State may appeal the order, *id.* ¶ 1—which we are not at liberty to do, *see State ex rel. Martinez v. City of Las Vegas*, 2004-NMSC-009, ¶ 20, 135 N.M. 375, 89 P.3d 47 (stating that the Court of Appeals is bound by Supreme Court precedent). Furthermore, entertaining this argument would ignore our Supreme Court's specific directive to this Court to review the sufficiency of the evidence, *Martinez*, 2022-NMSC-004, ¶ 1, which we also are not at liberty to do, *see Vinton Eppsco Inc. of Albuquerque v. Showe Homes, Inc.*, 1981-NMSC-114, ¶ 4, 97 N.M. 225, 638 P.2d 1070 ("It is well settled that the duty of a lower court on remand is to comply with the mandate of the appellate court, and to obey the directions therein without variation, even though the mandate may be erroneous."). We therefore decline to consider this alternative basis for affirmance.